567 P.2d 482

Earsley BARNETT, Petitioner-Appellee,

v.

Clyde MALLEY et al.,
Respondents-Appellants.

No. 11109.

Supreme Court of New Mexico.

Aug. 15, 1977.

Toney Anaya, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Department of Corrections, Santa Fe, for respondents-appellants.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for petitioner-appellee.

## OPINION

PHIL BAIAMONTE, District Judge.

This is a habeas corpus action filed in the District Court of Santa Fe County. The cause was heard on July 13, 1976, before the Honorable Thomas A. Donnelly, District Judge. The decision of the Court was that petitioner be released from incarceration subject to existing parole conditions. Respondents appeal. We affirm.

■ Petitioner was a parolee from the Penitentiary of New Mexico and was charged with violating the conditions of his parole. A preliminary probable cause parole revocation hearing was held in Roswell, New Mexico, with Hearing Officer T. C. Batho presiding. Mr. Batho determined that petitioner was entitled to counsel and petitioner was represented at this hearing by a public defender. Following the hearing, Mr. Batho determined that there was no probable cause to find that petitioner had violated the conditions of his parole. The hearing officer concluded that to be guilty of the offense of possession of marijuana, the possessor must be the owner of the marijuana that is possessed. This was an error of law.

Thereafter, Batho's supervisor, Mr. Santos Quintana, Field Services Director of the Department of Corrections, determined that Mr. Batho had made a mistake in applying the law to the facts found in the first hearing, and Mr. Quintana ordered a second hearing to be conducted before Hearing Officer Ward Lockhart. Mr. Lockhart conducted a second hearing, and determined that petitioner was not entitled to counsel; he further found that there was probable cause to believe that petitioner had violated the conditions of his parole.

■ We hold that the Field Services Division Director acted within his statutory and inherent authority in ordering a new preliminary hearing when the initial hearing officer's finding of no probable cause was based on an erroneous legal conclusion. This decision should not be interpreted as allowing the director to order a rehearing when he is merely dissatisfied with the result of the initial hearing. Only upon a clear misapplication of the law or for other strong and compelling reasons should this authority be exercised.

We next consider the question of petitioner's right to counsel at the second hearing. This issue was decided in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) wherein the Court states:

We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees.

It is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements. The facts and circumstances in preliminary and final hearings are susceptible of almost infinite variation, and a considerable discretion must be allowed the responsible agency in making the decision. 411 U.S. at 790, 93 S.Ct. at 1763.

■ We follow the reasoning and holding in *Gagnon v. Scarpelli*, supra. We hold that the state authority charged with the responsibility for administering the probation and parole system has discretion to determine the need for counsel on a case-by-case

basis. However, if the determination is made to supply counsel to indigent parolees, then counsel must be made available and given the opportunity to participate in any subsequent rehearings.

In the instant case it was determined at the first hearing that the petitioner was entitled to counsel; at the second hearing it was determined that the petitioner was not entitled to counsel. This was error and the trial court so found.

The result of the trial court is affirmed based upon the failure to provide counsel at the second hearing.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.