This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                              **NO. 28,920**

**JOSEPH JACQUEZ**,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellant Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ROBLES, Judge.**

Joseph Jacquez (Defendant) appeals from the district court's dismissal of his appeal from magistrate court in which he sought to challenge the sentence imposed by the magistrate court. At issue is whether the district court correctly ruled that Defendant could not rely on Rule 6-801 NMRA as a means for circumventing the ordinary fifteen-day deadline for appealing magistrate court judgments under Rule 6-703 NMRA and, therefore, it lacked jurisdiction to consider the merits of his appeal. For reasons discussed below, we conclude that the district court did have jurisdiction. We therefore reverse and remand to the district court for a de novo hearing to address the merits of Defendant's appeal.

## I.    BACKGROUND

Following Defendant's 2007 magistrate court convictions for seven misdemeanor offenses, he was ordered to attend a twelve-month rehabilitation program in San Angelo, Texas, followed by supervised probation. Defendant subsequently violated his probation by failing to complete the required rehabilitation program and, on June 6, 2007, the magistrate judge entered an order to detain on probation violation, which required that Defendant serve his sentence in jail until he could be accepted into the "Second Chance Program."

After a little more than two months in jail, Defendant, ostensibly acting pro se, wrote the magistrate judge a letter to inform him that the Second Chance Program was

not accepting any new clients and would not be doing so in the foreseeable future. Defendant nonetheless requested that he be released from jail and be provided the opportunity to participate in an alternative rehabilitation program while under supervised probation.[1] In an apparent response to the letter, on August 22, 2007, the magistrate judge entered an amended order to detain on probation violation, which required Defendant to serve the remainder of his sentence in the penitentiary.

Defendant did not appeal or otherwise challenge the August 22 order until a little more than two months after its entry, at which time, Defendant, acting pro se, filed a motion to amend judgment, claiming that he was "unlawfully incarcerated as a result of illegal sentencing procedures." The record contains no express ruling by the magistrate court on Defendant's pro se motion. About six months later, Defendant's new attorney filed a motion for reconsideration. The motion asserted that the August 22 order was in conflict with the magistrate court's prior sentencing orders because Defendant was not given an opportunity for rehabilitation and probation as contemplated in the initial order to detain. The motion also asserted that the sentence of incarceration amounted to cruel and unusual punishment and further requested that

---

[1] We recognize that there is some dispute about the authorship of the letter. Defendant informed his appellate counsel that his sister, who was incarcerated with him in jail at the same time, actually wrote the letter on his behalf without his knowledge or permission. For purposes of our discussion, it is not necessary to resolve the authenticity of the letter.

Defendant be released to care for his terminally ill mother. The magistrate court denied his motion on its face with a notation that Defendant previously walked out of the rehabilitation center in San Angelo after eight days. Defendant timely appealed this denial to the district court. Rule 6-703(A) ("The notice of appeal shall be filed in the district court within fifteen (15) days after the judgment or final order appealed from is filed in the magistrate court.").

Rather than consider the merits of Defendant's appeal, the district court dismissed the appeal on the basis that Defendant had not initially appealed from the magistrate court's August 22 order and could not use an appeal from the denial of his motion for reconsideration as a means to circumvent his failure to timely appeal from the August 22 order in the first instance.

**II.    DISCUSSION**

At issue is whether Defendant could properly appeal the denial of his motion for reconsideration of the August 22 order after the fifteen-day period for appealing the August 22 order itself expired. From Defendant's perspective, a challenge to his sentence in the August 22 order was not limited to filing an appeal within the fifteen-day period set forth in Rule 6-703(A). Rather, Defendant advocates that Rule 6-801 provides an alternative and appropriate procedural vehicle by which to reconsider his sentence. For reasons discussed below, we agree.

Rule 6-801 states:

> The magistrate court may modify but not increase a sentence or fine at any time during the maximum period for which incarceration could have been imposed. No sentence shall be modified without prior notification to all parties and a hearing thereon. No sentence shall be modified while the appeal is pending. Changing a sentence from incarceration to probation constitutes a permissible reduction of sentence under this rule. No judgment of conviction shall be changed. No fine paid shall be ordered returned.

As provided by Rule 6-801, the magistrate court retains jurisdiction to modify a sentence "*at any time* during the maximum period for which incarceration could have been imposed." (Emphasis added.) In light of this language, we conclude that the rule necessarily contemplates consideration of motions to reconsider and modify a sentence beyond the fifteen-day period for filing an appeal.

As applied to the present case, Defendant's motion for reconsideration did not challenge his underlying convictions, but instead challenged the magistrate court's decision to incarcerate him after learning that the Second Chance Program was not available. As noted above, Defendant's motion for reconsideration also requested that he be released from confinement in order to assist his mother who was in the critical stage of a terminal illness. Finally, Defendant asserted that his lengthy incarceration for his misdemeanor offenses constituted cruel and unusual punishment. In short, Defendant's motion for reconsideration asked the magistrate judge to modify his sentence from one of incarceration to one of supervised probation and is, therefore,

properly viewed as a motion to modify his sentence pursuant to Rule 6-801. *See, e.g.*, *Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 50, 582 P.2d 819, 822 (1978) (noting that nomenclature of a pleading is not significant). Since Rule 6-801 specifically provides that "[c]hanging a sentence from incarceration to probation constitutes a permissible reduction of sentence under this rule," and the magistrate court may modify, but not increase a sentence "at any time" prior to its expiration, Defendant's motion is well within its purview.

While recognizing that Rule 6-801 permits the filing of motions to modify a sentence at any time, the State argues that appeals from the denial of such motions should not permit a Defendant to revive an otherwise expired right to appeal from the underlying sentence. Accordingly, in order to view a motion to modify the sentence under Rule 6-801 as harmonious with the fifteen-day appeal period of Rule 6-703(A), the State asserts that time for appeal should be tolled only when a motion to modify the sentence is filed within the fifteen-day time frame. However, Rule 6-801 provides no such time limitation and instead expressly provides that a sentence may be modified "at any time" prior to expiration of the sentence. *See Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (recognizing that "[t]he text of a statute or rule is the primary, essential source of its meaning" and "[w]hen a statute contains language which is clear and unambiguous, we must give effect to that

6

language and refrain from further statutory interpretation" (alterations in original) (internal quotation marks and citations omitted)). For this reason, this Court declines to read the State's time limitation into the rule.

This Court recognizes the State's concern that allowing appeals for denied motions filed outside the original fifteen-day period for appeal could lead to convicted misdemeanants filing repeated motions to modify followed by repeated appeals to the district court. However, because Rule 6-801 applies to misdemeanor sentences imposed by the magistrate court, we conclude the State's argument is speculative at best. Unlike the present case wherein Defendant was sentenced to a little more than four-and-one-half years for misdemeanor convictions, in most instances, the sentence for misdemeanor convictions will be considerably shorter, thereby, minimizing, as a practical matter, the opportunity for multiple motions to modify and appeal. We note further that it is only when the magistrate court elects to actually modify a sentence that Rule 6-801 requires notice to the parties and a hearing, thereby, minimizing any significant intrusion on court resources unless a request for sentencing relief has merit.

This Court also disagrees with the State's assertion that Defendant should not be allowed to appeal the denial of his motion to reconsider because his motion "was not predicated on a ground independent of the initial validity of his sentence." While

7

a motion to modify a sentence based on changed circumstances or new arguments would undoubtedly have more force than one that is not, Rule 6-801 does not place such a limit on the authority to modify a sentence at any time. Put another way, whether changed circumstances are present is a matter to be considered when addressing the merits of a motion to modify the sentence, but is not an express limitation on whether or not a denied motion to modify may be appealed to the district court. In any event, Defendant's motion asked the magistrate court to reconsider a sentence of probation in part because his mother was terminally ill and he wanted to take care of her. To that extent, Defendant's motion presumably arose from circumstances that developed after imposition of the August 22 order.

Moreover, when this Court considers the circumstances under which Defendant sought to challenge his sentence, we do not agree with the State that his motion for reconsideration and subsequent appeal was nothing more than a transparent attempt to circumvent the normal deadline for appeal. By foreclosing the opportunity for Defendant to attend rehabilitation under a suspended sentence after learning that the Second Chance Program was not an available option and requiring him instead to serve his sentence in the penitentiary, the August 22 order in effect modified his sentence. However, Rule 6-801 requires that "[n]o sentence shall be modified without

prior notification to all parties and a hearing thereon." Despite this unequivocal language, there was no hearing prior to the modification.

We also find it significant that, though indigent, Defendant was not represented by counsel during the time leading up to entry of the August 22 order. While the right to counsel does not apply to all post-conviction matters, *see State v. Ramirez*, 78 N.M. 418, 419, 432 P.2d 262, 263 (1967), the proceeding in this case resulted in Defendant's continued confinement with the loss of an opportunity to attend rehabilitation under supervised probation as contemplated by the initial order to detain. *See also Blea v. Cox*, 75 N.M. 265, 267, 403 P.2d 701, 703 (1965) (indicating that a probationer has the right to counsel at a probation revocation proceeding), *overruled on other grounds by State v. Mendoza*, 91 N.M. 688, 689, 579 P.2d 1255, 1256 (1978). Given that Defendant was represented by counsel in conjunction with the initial order to detain and consideration of his probation violation, but not after, this Court does not fault him for failing to immediately appeal from the August 22 order. *Cf.*, *Barnett v. Malley*, 90 N.M. 633, 634-35, 567 P.2d 482, 483-84 (1977) (holding that if the determination is made to supply counsel to indigent parolees, then counsel must be made available and given the opportunity to participate in any subsequent parole revocation rehearings); *Archuleta v. Goldman*, 107 N.M. 547, 553, 761 P.2d 425, 431 (Ct. App. 1987) (holding that there is a presumption that an

9

indigent litigant has a due process right to appointed counsel if the unsuccessful litigant may be deprived of physical liberty).

In this regard, this Court does not agree with the State's suggestion that Defendant's pro se letter informing the judge that the Second Chance Program was no longer accepting clients was somehow tantamount to a waiver of the right to counsel or decision to proceed pro se. *See State v. Hamilton*, 104 N.M. 614, 617, 725 P.2d 590, 593 (Ct. App. 1986) (recognizing that an indigent defendant's waiver of counsel must be clear and unequivocal). Rather, we view Defendant's letter for its content—a request that the magistrate court continue the sentence in its initial order to detain, but allow him to be released on supervised probation under an alternative to the originally contemplated Second Chance Program. Had Defendant been provided with counsel, he presumably could have pursued his request for an alternative rehabilitation program more forcefully, as well as timely appealed from any denial of such. In short, because Defendant was not provided with the means to adequately challenge the amended order in the first instance, this Court does not conclude that he is somehow being afforded a "second bite at the apple."

We last address the State's argument that Defendant's appeal from the denial of his motion for reconsideration pursuant to Rule 6-801 was inappropriate because he could have pursued habeas relief. While habeas relief may have been a viable

10

alternative, it was not Defendant's exclusive remedy, and it was his prerogative to elect to pursue relief under Rule 6-801 rather than habeas relief. *See generally State v. Chavarria*, 2009-NMSC-020, ¶ 17, 146 N.M. 251, 208 P.3d 896 (recognizing that a defendant has alternative avenues for relief for pursuing a challenge to the sentence); *State v. Peppers*, 110 N.M. 393, 395, 796 P.2d 614, 616 (Ct. App. 1990) (holding that habeas corpus relief under Rule 5-802 NMRA is not the exclusive means for seeking post-conviction relief and noting that a defendant may instead pursue a motion to modify a sentence).

## III. CONCLUSION

Based on the foregoing, we reverse and remand to the district court for a de novo hearing to consider the merits of Defendant's appeal. In light of our decision, we do not address Defendant's claims of ineffective assistance of counsel and fundamental error. The district court should consider these arguments within the context of Defendant's appeal to the district court.

We additionally note an apparent clerical error by the magistrate judge in calculating the length of Defendant's sentence. The judgment and sentence of January 9, 2007 notes Defendant's seven misdemeanor convictions and provides the following: "Jail time of 8 months of each case to run consecutive for a total of 64 months all to be suspended down to 8 months (240 days). Balance of 56 months

11

(1700 days) to be served on supervised probation." (Emphasis omitted.) Rather than a "total of 64 months," the proper calculation for jail time of 8 months on each of the seven consecutive convictions should be 56 months, ultimately leaving a balance of 48 months or 1440 days, to be served on supervised probation rather than 1700 days. Thus, when the district court considers the merits of Defendant's magistrate appeal on remand, we request that the court additionally correct this miscalculation and revise the sentence accordingly.

**IT IS SO ORDERED.**

_____
**ROBERT E. ROBLES, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**