**Certiorari Granted, December 26, 2012, No. 33,915; Certiorari Denied, January 2, 2013, No. 33,919**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-011**

**Filing Date: October 24, 2012**

**Docket No. 31,067**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**MARIO LEON,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**VANZI, Judge.**

**{1}** Defendant Mario Leon appeals the district court's order revoking his probation. This case requires us to decide whether (1) Defendant's untimely appeal can be heard, (2) the conditions of probation set by the New Mexico Corrections Department (Corrections Department) were lawfully imposed on Defendant and were reasonably related to

1

Defendant's rehabilitation, (3) there was sufficient evidence to support the revocation of Defendant's probation, and (4) Defendant's sentence was appropriately enhanced under the Habitual Offender Statute. We conclude that we can consider Defendant's appeal despite the fact that it was untimely filed. However, finding no error in the district court's rulings, we affirm.

**BACKGROUND**

**{2}** After entering a plea of no contest, Defendant was convicted of one count of contributing to the delinquency of a minor, in violation of NMSA 1978, Section 30-6-3 (1990), and one count of selling or giving alcoholic beverages to a minor, contrary to NMSA 1978, Section 60-7B-1(A)(1) (2004). On May 14, 2008, Defendant was sentenced to three years of incarceration followed by one year of parole. The district court partially suspended Defendant's sentence and entered an order placing him on supervised probation and listing conditions of that probation. These conditions included that Defendant not possess alcoholic beverages, that he complete alcohol and substance abuse counseling, and that he comply with any other reasonable condition specified by the probation division of the Corrections Department.

**{3}** Defendant had a prior felony conviction for a sex offense. As a result of that conviction and pursuant to state law, Defendant is a registered sex offender. At the direction of his probation officer and pursuant to a Corrections Department policy regarding offenders with previous sex offenses, Defendant signed the New Mexico Corrections Department Sex Offender Supervision Behavioral Contract (SOSBC) and was placed under the supervision of the sex offender unit. This level of supervision required, in part, that Defendant receive permission from his probation officer before missing any counseling session and that he obtain written approval from his probation officer before having unsupervised contact with children under eighteen.

**{4}** On August 25, 2008, Defendant's probation officer filed a preliminary probation violation report after visiting Defendant's home and observing alcohol and empty alcohol containers there. Between September 19, 2008, and January 14, 2009, Defendant's probation officer filed three more preliminary probation violation reports based on Defendant's failure to timely re-register as a sex offender and for his failure to attend two mandated counseling sessions without notifying the officer. On November 23, 2009, Defendant was arrested for violating the conditions of his probation after he allegedly had unsupervised contact with children under eighteen without prior written permission of his probation officer. At that time, Defendant's probation officer filed a report of violation and recommended that his probation be revoked.

**{5}** On December 11, 2009, the State filed a petition to revoke Defendant's probation based on all of the alleged probation violations outlined in the probation officer's reports. The State also filed a supplemental criminal information stating that due to Defendant's prior conviction, Defendant is a habitual offender, and his sentence should be enhanced pursuant

2

to the Habitual Offender Statute, NMSA 1978, § 31-18-17(A) (2003). Defendant moved to dismiss, and the district court denied the motion. The district court then held a hearing to determine whether Defendant had violated the conditions of his probation. After taking testimony, the district court concluded that Defendant had violated the terms and conditions of his probation as charged by the State. The court revoked Defendant's probation and, applying the habitual offender statute, sentenced Defendant to a total term of five years followed by a period of supervised probation. Sixty-two days after the entry of the order, Defendant filed a notice of appeal.

## DISCUSSION

**{6}** Before addressing the merits of Defendant's case, we must first decide whether this Court can hear Defendant's untimely appeal. Concluding that we can consider his appeal, we then address whether the conditions of Defendant's probation were reasonably related to his rehabilitation and were lawfully imposed as part of the court's order. We then examine the record to determine whether the revocation of Defendant's probation was supported by sufficient evidence and whether the enhancement of Defendant's sentence under the Habitual Offender Statute was proper.

**Defendant's Untimely Appeal**

**{7}** Pursuant to NMSA 1978, Section 39-3-3(A)(1) (1972), and Rule 12-201(A)(2) NMRA, a criminal defendant must file his notice of appeal from the final judgment of a district court within thirty days of the entry of that judgment. The timely filing of a notice of appeal is a mandatory precondition to this Court's exercise of jurisdiction. *Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994). The district court may grant an extension of time for an appellant to file a notice of appeal upon a showing of good cause if the request is filed prior to the expiration of the time for filing, or upon a showing of excusable neglect if filed outside of that period but within sixty days from the entry of the appealable order. Rule 12-201(E)(1), (2).

**{8}** There is no dispute that Defendant's notice of appeal was filed in the district court more than sixty days after the entry of the order revoking his probation and was thus untimely. Furthermore, Defendant's motion to accept the appeal as timely was filed more than sixty days after the district court's order revoking his probation; therefore, the district court was without jurisdiction to grant Defendant's motion to extend his time for filing. *See* Rule 12-201(E)(2), (4). Nevertheless, Defendant urges us to consider his appeal on the grounds that the untimely filing of a notice of appeal from an order revoking probation is per se ineffective assistance of counsel.

**{9}** In *State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986), this Court first established a conclusive presumption of ineffective assistance of counsel when a notice of appeal from a criminal conviction is untimely filed. As a result, in that case, we treated the defendant's appeal as if timely filed and reached the merits of the defendant's arguments.

3

Here, Defendant asks us to extend the presumption of ineffective assistance of counsel to the untimely filing of a notice of appeal from an order revoking Defendant's probation. As the State points out, however, a claim for ineffective assistance of counsel is based on a defendant's right to counsel in the first place. *See Evitts v. Lucey*, 469 U.S. 387, 396 n.7 (1985); *State ex rel. Children, Youth & Families Dep't v. Amanda M.*, 2006-NMCA-133, ¶ 19, 140 N.M. 578, 144 P.3d 137. The State argues that a defendant has no right to counsel in an appeal from the revocation of probation and, thus, there can be no ineffective assistance. Because the presumption can only apply in situations where a defendant has a right to counsel, before we can make a determination of whether Defendant's untimely appeal was due to ineffective assistance of counsel, we must first determine whether Defendant had a right to counsel at all. For the reasons that follow, we conclude that Defendant had a right to counsel at his probation revocation proceedings and that the filing of the notice of appeal was that counsel's responsibility. Accordingly, we apply a conclusive presumption of ineffective assistance of counsel where the notice of appeal is untimely filed. We begin with three cases relevant to our decision.

**{10}** In *Blea v. Cox*, 75 N.M. 265, 267, 403 P.2d 701, 703 (1965) (per curiam), *overruled on other grounds by State v. Mendoza*, 91 N.M. 688, 579 P.2d 1255 (1978), our Supreme Court held that a defendant had a constitutional right to counsel at his hearing on the revocation of a suspended sentence. The Court concluded that failure to provide a defendant with counsel in that case constituted a violation of his constitutional rights. *Id.* In so doing, the Court stated that "[t]he need for and right to be represented by counsel, unless intelligently and knowingly waived, is as much a requisite in a hearing seeking revocation of a suspended sentence as in the other mentioned stages of the proceedings." *Id.* In its decision, the Court noted that this right was guaranteed by the Sixth Amendment of the federal constitution but that "[a]side" from the federal right, "the guaranty that an accused shall have the right to appear and defend himself in person, and by counsel is likewise contained in Art. II, § 14 of the New Mexico Constitution." *Id.* at 266, 403 P.2d at 702-03 (alteration, internal quotation marks, and citation omitted).

**{11}** After *Blea* was decided, the United States Supreme Court announced a more limited due process right to counsel in probation proceedings in *Gagnon v. Scarpelli*, 411 U.S. 778, 789-91 (1973). In *Gagnon*, the Supreme Court considered "whether an indigent probationer or parolee has a due process right to be represented by appointed counsel at [those] hearings." *Id.* at 783. Although the due process right was not found under the Sixth Amendment, the Court nevertheless recognized that in certain cases, due process's touchstone of fundamental fairness requires the state provide counsel to indigent defendants at probation and parole revocation hearings and concluded that "the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion of the state authority charged with responsibility for administering the probation and parole system." *Id.* at 790. In discussing the case-by-case determination, the Supreme Court stated that it was "neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet

the applicable due process requirements." *Id.* However, the Court gave some direction, providing that

> it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (I) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Id.* The *Gagnon* Court also reasoned that in some cases, a probationer's "version of a disputed issue can fairly be represented only by a trained advocate." *Id.* at 788.

**{12}**     Subsequently, in *Barnett v. Malley*, 90 N.M. 633, 634, 567 P.2d 482, 483 (1977), our Supreme Court adopted the reasoning in *Gagnon* in the context of parole revocation hearings. *Barnett* implicitly abrogates *Blea* to the extent *Blea* was decided under the federal constitution. In this particular case, regardless of whether we apply *Blea* or *Barnett*, we conclude that Defendant had a right to counsel at his probation revocation hearing. Given the considerations set out in *Gagnon* and considering the judicial setting of probation revocations in our state, as well as the constitutional and statutory issues that arise in those hearings, it would seem to be a rare case where a defendant was not entitled to counsel. In this case, Defendant contested the evidence against him, there were legal issues regarding whether his alleged conduct actually violated the conditions of probation, and Defendant made complicated legal arguments challenging the reasonable relationship of the conditions of his probation to the crimes for which he was convicted. The issues raised in his motion to dismiss and argued at the motion and probation revocation hearings are not the type that a lay person could normally identify, develop, or present on his own. *See Gagnon*, 411 U.S. at 788. Consequently, we conclude that Defendant had a right to counsel in the proceedings regarding the revocation of his probation.

**{13}**     The State further argues that Defendant did not have a right to counsel in his appeal from the order revoking his probation. It contends that a criminal defendant only has a right to counsel on his or her first appeal as of right and that the right to counsel should not attach when a defendant, who has previously entered a guilty plea, exercises his subsequent right to appeal from the revocation of his probation. We need not decide this issue today. Although the filing of a notice of appeal is the first step in a defendant's appellate process, under our rules of appellate procedure, "trial counsel shall be responsible for preparing and filing a docketing statement in the Court of Appeals." Rule 12-208(A) NMRA. The docketing statement must be filed within thirty days after the notice of appeal. Rule 12-208(B). Only after the filing of the docketing statement does a trial counsel's responsibility to his or her client cease. Therefore, where a defendant has a recognized right to have counsel appointed in a case, the failure to file a timely notice of appeal can raise a conclusive

5

presumption of ineffective assistance of counsel. Under these specific circumstances, the presumption of ineffective assistance of counsel arises from the district court proceedings below, rather than the later proceedings on appeal. Here, we have concluded that Defendant was entitled to counsel at the proceedings on the revocation of his probation. We now explain why we extend the *Duran* presumption in Defendant's case.

**{14}** In *Duran*, we held that "failure to file a timely notice of appeal or an affidavit of waiver constitutes ineffective assistance of counsel *per se*[.]" 105 N.M. at 233, 731 P.2d at 376. We based that conclusion both on a defendant's absolute right to appeal his or her conviction, as well as the rule of criminal procedure requiring that defense counsel file either a timely notice or waiver of appeal. *Id.* at 232, 731 P.2d at 375; *see* Rule 5-702 NMRA. Since *Duran*, this Court has routinely excused untimely and improperly filed notices of appeal in criminal appeals where the defendant is represented by counsel by applying this conclusive presumption, so as not to deprive the defendant of his absolute first right to appeal. *See State v. Upchurch*, 2006-NMCA-076, ¶ 4, 139 N.M. 739, 137 P.3d 679.

**{15}** Although our holding in *Duran* was, in part, based on the rule of criminal procedure requiring defense counsel to file a notice or waiver of appeal in a timely manner, *see* Rule 5-702(B), we have since extended the presumption in cases where no such rule or procedural safeguard controls. For instance, the rules of criminal procedure for magistrate courts set out the time frame in which an appeal from an order of the court must be filed but do not impose an obligation on defense counsel to file a notice or waiver of a defendant's appeal. Rule 6-703(A) NMRA. Yet, we have applied the presumption in cases where defense counsel failed to file a notice of appeal in district court from the entry of a conditional plea in magistrate court. *State v. Eger*, 2007-NMCA-039, ¶¶ 1, 3, 5, 141 N.M. 379, 155 P.3d 784. In deciding that the district court must hear such an appeal, we cited to *Duran* stating that "the defendant's right to an appeal must not be denied because of ineffective assistance of counsel." *Eger*, 2007-NMCA-039, ¶ 5.

**{16}** We have also extended the presumption of ineffective of counsel where defense counsel has failed to timely file a notice of appeal in cases outside the criminal context. In *State ex rel. Children, Youth & Families Dep't v. Ruth Anne E.*, 1999-NMCA-035, ¶¶ 9-10, 126 N.M. 670, 974 P.2d 164, we applied the presumption of ineffective assistance of counsel and considered the appeal as if timely filed in an appeal from the termination of parental rights. In *Amanda M.*, 2006-NMCA-133, ¶ 22, we extended that rule and applied the presumption in the context of an untimely appeal from an adjudication of abuse and neglect. In those cases, we extended the presumption based on our recognition that the adjudicatory proceedings affected a parent's fundamental liberty interest in the care, custody, and management of his children as well as a parent's right to counsel in these proceedings. *Id.* In *Amanda M.*, we stated that "where a notice of appeal from an adjudication of abuse and neglect is filed late, this Court will presume that counsel was ineffective and accept jurisdiction over the appeal." *Id.*

6

**{17}** In *Ruth Anne E.*, we reasoned that "[i]n termination of parental rights cases, as in criminal cases, a fundamental liberty interest is at stake." 1999-NMCA-035, ¶ 10. This fundamental liberty interest, in combination with circumstances in which a defendant has not waived his right to appeal, appears to be the guiding factor in the cases where we have expanded the *Duran* presumption. Defendant has a fundamental liberty interest at stake in the revocation of his probation. As our Supreme Court recently reminded us in *State v. Guthrie*, "[r]evocation of probation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special probation restrictions." 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (alteration, internal quotation marks, and citation omitted). Nevertheless, the end result of the revocation of a defendant's probation is incarceration and thus a significant loss of liberty. *See State v. DeBorde*, 1996-NMCA-042, ¶ 9, 121 N.M. 601, 915 P.2d 906. Although limited, a defendant facing the revocation of his probation is still "entitled to minimum due process rights" to ensure that he is heard and that the facts underlying the alleged probation violation are evaluated. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143; *see Guthrie*, 2011-NMSC-014, ¶¶ 10-11 (stating that "the full panoply of rights due a defendant in a criminal trial do not apply" (alterations, internal quotation marks, and citation omitted)).

**{18}** Our Supreme Court's recent case, *State v. Ordunez*, 2012-NMSC-024, ___ P.3d ___, highlights the important issues affecting a defendant's fundamental rights that arise in the context of probation revocations. In *Ordunez*, the Court affirmed the dismissal of probation revocation proceedings against the defendant after the state attempted to apply 2007 credit provisions for DWI to an offense that occurred in 2004. *Id.* ¶¶ 19-20. The Court held that to impose the later provisions would violate the federal and state constitutions' ex post facto clauses. *Id.*; *see* U.S. Const. art. I, § 10, cl. 1; N.M. Const. art. II, § 19.

**{19}** Our courts are routinely presented with issues impacting the fundamental rights of a defendant facing the revocation of his or her probation. For instance, when a defendant is found to have violated his or her probation, ambiguity can arise as to how much time the defendant is required to serve under a plea agreement. In *State v. Gomez*, 2011-NMCA-120, ¶¶ 1, 14, 267 P.3d 831, we addressed this issue and reversed the sentencing judge's post-conviction order that imposed excessive time on the defendant and remanded for the entry of an order that conformed with the plea agreements and amounted to a considerably shorter period of incarceration. Additionally, defendants who have their probation revoked and qualify as habitual offenders may be subject to longer terms of incarceration based on that violation. *See, e.g.*, *State v. Leyba*, 2009-NMCA-030, ¶ 1, 145 N.M. 712, 204 P.3d 37 (holding that the state could pursue habitual offender enhancement after the defendant failed to successfully complete probation); *see also* § 31-18-17. Even this cursory review of the issues that arise in the context of probation revocations persuade us that although probation is an act of clemency by the district court, *State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App. 1983), and a probationer's liberty interest is conditional, *Guthrie*, 2011-NMSC-014, ¶ 10, a probationer nonetheless has a fundamental interest in that liberty,

which is seriously impacted by the revocation of probation. *See DeBorde*, 1996-NMCA-042, ¶ 9.

**{20}**   A defendant contesting the revocation of probation has a right to appeal that revocation. *State v. Castillo*, 94 N.M. 352, 354, 610 P.2d 756, 758 (Ct. App. 1980). As Defendant points out here, he contested the revocation of his probation and therefore did not waive this right. *See* Rule 5-805(C) NMRA (stating that probationers may agree to automatic sanctions for a technical violation of the conditions of probation and agree not to contest the alleged violation); *compare Eger*, 2007-NMCA-039, ¶¶ 1-2 (stating that the defendant did not waive his right to appeal where he entered a conditional plea), *with State v. Peppers*, 110 N.M. 393, 398-99, 796 P.2d 614, 619-20 (Ct. App. 1990) (declining to extend the presumption of ineffective assistance of counsel to defendant's appealing from a non-conditional plea). Considering the impact on a defendant's liberty that the revocation of probation has and the myriad of issues implicating due process and other constitutional rights that arise within the context of probation revocation, we are persuaded that a defendant who has not waived his right to appeal the revocation of his probation should not be denied this right because of a procedural defect. The liberty interest at stake warrants appellate review of the basis for depriving the individual of that liberty, despite its conditional nature. *See Ruth Anne E.*, 1999-NMCA-035, ¶ 10 (stating that "[t]he mistake of counsel . . . should not deprive [a defendant] of appellate review on the merits" where the defendant had the right to counsel and a fundamental liberty interest was at stake). Thus, where a defendant possessed a right to counsel, we will presume that a defense counsel's failure to timely file a notice of appeal from an order revoking a defendant's probation is per se ineffective assistance. *See Eger*, 2007-NMCA-039, ¶ 5; *Amanda M.*, 2006-NMCA-133, ¶ 22. Accordingly, here, where Defendant's counsel untimely filed his notice of appeal thirty-two days late and failed to timely file a motion for an extension of time, we will nonetheless consider his appeal as if timely filed. *See Duran*, 105 N.M. at 232, 731 P.2d at 375.

**The Conditions of Defendant's Probation Were Lawful, and the District Court Did Not Err in Finding Them Reasonable**

**{21}**   The district court's May 14, 2008 order partially suspending Defendant's sentence required that Defendant abide by a number of enumerated conditions, including that Defendant "comply with any other reasonable condition specified by the Probation and Parole Division of the New Mexico Corrections Department." The Corrections Department policy states that "[o]ffenders placed under supervision for a crime other than a sex offense, but who have prior sex offense history, may be considered for referral to sex offender supervision if the prior history continues to be of concern." Due to Defendant's previous conviction for a sex offense, he was referred to sex offender supervision and signed the SOSBC on May 20, 2008. Under this contract, Defendant agreed to specific conditions of probation, including that he would not miss any counseling session without prior permission of his probation officer and that he would not have unsupervised contact with children without prior written permission from his probation officer. On June 9, 2008, the district

8

court entered Defendant's order of probation. It specified that Defendant agreed to participate in and complete "any level of supervision" deemed appropriate by his probation officer. The order was signed by Defendant, his probation officer, and the district court judge.

**{22}** After the State filed its petition to revoke Defendant's probation based in part on his alleged violation of conditions set out in the SOSBC, Defendant filed a motion to dismiss. Defendant made two arguments regarding the conditions of his probation. He asserted that the requirement that he comply with the conditions of probation in the SOSBC was without legal effect because it was not specifically stated in the district court's judgment and order. He also argued that the sex offender conditions of his probation were unreasonable because they were not reasonably related to the non-sex offense crimes for which he was convicted. Defendant continues with both of these arguments on appeal. We address each argument in turn.

**The Conditions of Probation Imposed by Defendant's Probation Officer Were Lawful**

**{23}** Defendant argues that his placement on sex offender supervision and the conditions that accompanied that supervision were without legal effect because these conditions were not specifically stated in the district court's judgment and order suspending sentence. This is a question of law that we review de novo. *State v. Kerby*, 2007-NMSC-014, ¶ 11, 141 N.M. 413, 156 P.3d 704. The State acknowledges that the specific condition that Defendant be subject to sex offender supervision was not stated in the court's order; however, the State asserts that the exact terms of Defendant's probation did not have to be spelled out. It contends that the language in the order was sufficient. We agree.

**{24}** Defendant correctly notes that when entering an order suspending a defendant's sentence, the district court is required to attach to the order "reasonable conditions as it may deem necessary to ensure that the defendant will observe the laws of the United States and the various states and the ordinances of any municipality." NMSA 1978, § 31-20-6 (2007). The conditions of probation should be made clear in the judgment and "may not be added by amendment subsequent to imposition of a valid original judgment." *State v. Martinez*, 84 N.M. 295, 296, 502 P.2d 320, 321 (Ct. App. 1972). Here, the district court ordered that Defendant comply with the standard conditions of probation as well as certain special conditions as specified by the Probation and Parole Division. One of the enumerated special conditions required Defendant to "comply with any other reasonable condition specified by the Probation and Parole Division." Pursuant to our decision in *Martinez*, we conclude that this was sufficient to give legal effect to the terms and conditions imposed by the Probation and Parole Division.

**{25}** In *Martinez*, the district court's order stated that the "defendant is to report to that [probation] office as it directs" and stated that "the conditions and terms of probation are made conditions and terms of the deferred sentence." *Id.* (internal quotation marks omitted). The defendant in that case argued that the conditions imposed by the probation office were

without legal effect because they were not part of the district court's order deferring his sentence. *Id.* We disagreed and concluded that the language of the district court's order made the conditions of the defendant's probation those conditions imposed by the probation office. *Id.* We concluded that the conditions of probation were sufficiently stated in the deferred sentence. *Id.* at 296-97, 502 P.2d at 321-22.

**{26}** As in *Martinez*, here, the language of the district court's order incorporated any reasonable conditions as specified by the probation office. Thus, these conditions were included in those imposed by the court. That the terms and conditions set by the probation office were not spelled out in the order itself did not establish that those terms and conditions were not imposed by the court. *See id.* at 296, 502 P.2d at 321. Therefore, we hold that the conditions of probation were sufficiently stated in the order, and Defendant's placement on sex offender supervision was lawful. We next consider whether the district court erred in concluding that the term of Defendant's probation and the conditions included in it were reasonable.

**Conditions of Defendant's Probation Were Reasonable**

**{27}** "The grant of probation is a discretionary act of the sentencing court. We therefore review probation terms and conditions that the sentencing court has imposed for abuse of discretion." *State v. Williams*, 2006-NMCA-092, ¶ 3, 140 N.M. 194, 141 P.3d 538 (citations omitted). Probation is a criminal sanction, and the district court "may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." *State v. Baca*, 2004-NMCA-049, ¶ 17, 135 N.M. 490, 90 P.3d 509 (internal quotation marks and citation omitted). "The court has broad discretion to effect rehabilitation and may impose conditions designed to protect the public against the commission of other offenses during the term, and which have as their objective the deterrence of future misconduct." *State v. Garcia*, 2005-NMCA-065, ¶ 11, 137 N.M. 583, 113 P.3d 406 (internal quotation marks and citation omitted); *see State v. Ponce*, 2004-NMCA-137, ¶ 8, 136 N.M. 614, 103 P.3d 54. It may "require the defendant to . . . satisfy any other conditions reasonably related to the defendant's rehabilitation." Section 31-20-6(F). "To be reasonably related, the probation condition must be relevant to the offense for which probation was granted." *Baca*, 2004-NMCA-049, ¶ 18 (internal quotation marks and citation omitted). We will not set aside the terms and conditions of probation imposed by the sentencing court unless they "(1) have no reasonable relationship to the offense for which the defendant was convicted, (2) relate to activity which is not itself criminal in nature[,] *and* (3) require or forbid conduct which is not reasonably related to deterring future criminality." *Williams*, 2006-NMCA-092, ¶ 3 (alteration, internal quotation marks, and citation omitted).

**{28}** Defendant asserts that no reasonable relationship existed between his convictions for contributing to the delinquency of a minor and giving alcohol to minors and his placement under the sex offender conditions of probation. Defendant contends that because he was not on probation for a sex offense, he should not have been subjected to sex offender supervision and the conditions of probation that accompany it. On the other hand, the State argues that

10

these conditions were designed to deter Defendant's future misconduct and were thus reasonable. On appeal, Defendant has the burden of persuading us that the district court abused its discretion in concluding that there was a reasonable relationship between the convictions for which he is on probation and the conditions of that probation. *Baca*, 2004-NMCA-049, ¶ 16. Defendant fails to do so here.

**{29}** Defendant does not present us with a factual basis or an argument to persuade us why the condition of being placed on sex offender supervision pursuant to the Corrections Department policy is not reasonably related to his rehabilitation. *See id.* ¶ 19. Defendant merely states, "no reasonable relationship existed between [his] convictions for contributing to the delinquency of a minor and giving alcohol to a minor and his sex offender conditions of probation." Defendant presented this same argument at the hearing on his motion to suppress. The district court heard the testimony of the probation officer who placed Defendant under sex offender supervision and supervised his probation. She testified that she determined that Defendant should be placed under sex offender supervision after considering that his original sex offense involved the attempted criminal sexual penetration of a seven-year-old child and the fact that his current case involved contributing to the delinquency of minors and providing alcohol to minors, as well as that he was currently a registered sex offender. She testified that these factors led her to believe that placing Defendant on sex offender supervision was related to Defendant's rehabilitation and to community safety. Upon questioning by the district court, the probation officer testified that she considered the conditions prohibiting Defendant from having unsupervised contact with children and requiring him to attend counseling to be reasonable and reasonably related to the offenses in this case. At the hearing, Defendant did not present any evidence or argument to the contrary other than to assert that the conditions were not reasonable because he was not on probation for a sex offense.

**{30}** Based on the testimony of the probation officer and the lack of evidence or argument presented by Defendant to refute that testimony, we cannot say that the district court abused its discretion in deciding that the terms of Defendant's probation were reasonably related both to his convictions and to his rehabilitation. The district court did not order Defendant to register as a sex offender as punishment for his crimes. *See Williams*, 2006-NMCA-092, ¶ 9 (holding that it is impermissible for a district court to order a defendant not convicted of sex offenses to register as a sex offender). Defendant was already a registered sex offender. It appears that the district court merely considered Defendant's prior conviction in determining that placement under the supervision of the sex offender unit was reasonably related to Defendant's current convictions and rehabilitation and, presumably, was in the interest of public safety. *See id.* ¶¶ 7, 8.

**{31}** Defendant, however, asserts that his previous sex offense should not have been considered in determining whether the conditions of probation were reasonable. Defendant cites *United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001), in support of that contention. *Scott* is factually distinguishable and does not support Defendant's argument. There, the defendant was convicted of armed bank robbery and placed on sex offender supervision as

the result of a conviction for a sex offense that occurred fifteen years earlier. *Id.* at 633-34. The appellate court concluded that this special condition bore no reasonable relationship to the nature of the convicted offense. *Id.* at 636. The Eighth Circuit did not rule that generally prior offenses could not be considered when fashioning the conditions of a defendant's probation. Instead, it emphasized that there was no evidence to show how the special condition of sex offender supervision was at all related to the defendant's conviction for armed bank robbery. *Id.* The court reasoned that the lack of a shown connection, the length of time elapsed between the convictions, as well as the absence of any evidence that the defendant had committed sex offenses in the interim, supported the conclusion that "the special conditions seem[ed] unlikely to serve the goals of deterrence or public safety[.]" *Id.* Unlike the defendant in *Scott*, here, Defendant's current convictions involved criminal contact with children. Defendant's prior conviction for a sex offense was considerably more proximate being just six-and-a-half years in the past, and the State presented evidence of the probation officer's reasoning in placing Defendant under this supervision. Given that Defendant's current convictions involved providing alcohol to minors and contributing to their delinquency, we cannot say the district court abused its discretion in considering Defendant's prior conviction in making the determination that the conditions of his probation were reasonably related to his current convictions, rehabilitation, and public safety. To the extent Defendant implies doing so abridged the court's statutory authority, this argument is unexplained and unsupported by authority. *See Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2010-NMCA-080, ¶ 38, 148 N.M. 877, 242 P.3d 444 ("[W]e do not review unclear or inadequately developed arguments or arguments for which no authority has been cited.").

**{32}** Additionally, we note that although *Scott* held that it was an abuse of discretion to impose the special condition of sex offender supervision in that case, it favorably discussed another case that it understood to "authorize a court to take into account a defendant's past offense, unrelated to the offense of conviction, in fashioning conditions of probation or supervised release." *Scott*, 270 F.3d at 636. However, the court concluded that to do so was inappropriate in the case before it. Accordingly, we conclude Defendant's reliance on *Scott* to support his contention that the district court could not consider his past conviction in determining whether the conditions were reasonably related to his convictions or rehabilitation is misplaced. *See* NMSA 1978, § 31-21-4 (1963) (allowing for an "individual['s] characteristics, circumstances, needs and potentialities" to be taken into account when determining the appropriate conditions of probation).

**{33}** Finally, Defendant raises two issues that we do not decide here. First, to the extent Defendant asserts a challenge to the Corrections Department policy itself, we conclude that this issue was not preserved below. "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. Below, as on appeal, rather than challenging the policy as a whole, Defendant appears to challenge the adult probation and parole office's (APPO) authority to impose conditions he contends were not reasonably related to his current convictions. "We generally do not consider issues on appeal that are not preserved below." *Garcia*, 2005-NMCA-065, ¶ 6.

12

Even if this issue had been preserved, it was not adequately developed in Defendant's briefing. Accordingly, we do not determine whether it is within the Corrections Department's authority to place offenders on probation for a non-sexual offense on sex offender supervision as long as the condition can be said to be relevant to the defendant's convictions and rehabilitation. *See Republican Party of N.M.*, 2010-NMCA-080, ¶ 38. Second, to the extent that Defendant claims it was improper for the APPO to impose sex offender supervision on him based on a sex offense committed when he was a juvenile, this argument is also undeveloped, and Defendant did not cite any supporting authority for this contention. In the absence of cited authority, we assume that none exists and decline to consider the argument further. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**{34}** For the foregoing reasons, we conclude that the condition of sex offender supervision imposed by the district court was lawful, and the district court did not abuse its discretion in determining that it was reasonably related to Defendant's current convictions, rehabilitation, and public safety. *See Ponce*, 2004-NMCA-137, ¶ 8. We now turn to Defendant's contention that the State presented insufficient evidence to support the revocation of his probation.

**Sufficiency of the Evidence**

**{35}** The State's petition to revoke Defendant's probation alleged that Defendant violated the conditions of his probation when he (1) had contact with children under the age of eighteen without prior written permission from his probation officer; (2) failed to attend his counseling session on January 9, 2009, as required; (3) failed to attend his counseling session on December 19, 2008, as required; (4) failed to renew his sex offender registration[1]; and (5) had alcoholic beverages in his home on August 23, 2008. After holding a hearing on the State's petition, the district court found that "Defendant ha[d] violated the terms and conditions of his probation as charged." Defendant now contends that the State failed to prove he violated *any* of the conditions of his probation. We disagree.

**{36}** We review a district court's revocation of a defendant's probation for an abuse of discretion. *State v. Martinez*, 108 N.M. 604, 606, 775 P.2d 1321, 1323 (Ct. App. 1989). In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty. *See Sanchez*, 2001-NMCA-060, ¶ 13. To meet this burden, the State must introduce evidence that a reasonable and impartial mind would be

---

[1]This alleged violation was based on the condition of Defendant's probation requiring that he obey all laws. We note that on appeal, the State concedes it failed to present sufficient evidence that Defendant's failure to timely re-register as a sex offender violated NMSA 1978, Section 29-11A-4(N) (2005), which makes it a crime for a sex offender to "willfully or knowingly" fail to comply with the registration requirements set forth in that section.

inclined to conclude that the defendant has violated the terms of probation. *Martinez*, 108 N.M. at 606, 775 P.2d at 1323. "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *Id.* We conclude that the State has met its burden and that Defendant has not provided evidence sufficient to excuse non-compliance.

**{37}** When Defendant signed his order of probation, he was "advised that under the law of the Court, it may at any time during the probation term issue a warrant for [his] arrest and [his] probation may be revoked if [he] violate[d] any one of the conditions" of the Court order. Accordingly, although Defendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper. *See, e.g.*, *id.* at 607, 775 P.2d at 1324 (finding no abuse of discretion even when the evidence that the district court relied on in revoking the defendant's probation was "not that substantial").

**{38}** At the hearing, the State first addressed Defendant's alleged violation of the condition that "Defendant shall not consume or possess alcoholic beverages." As evidence showing that Defendant violated the condition, the State presented the testimony of Defendant's probation officer. She testified that in August 2008, she visited Defendant's home and found alcohol there. She recalled that there was an empty bottle of Jack Daniels, more than a case worth of empty beers, and more than a case of unopened beer in the refrigerator. Further, she testified that it was a violation of Defendant's conditions of probation to have alcohol in his home and that he was not allowed to possess alcohol.

**{39}** On appeal Defendant does not point us to anywhere in the record that contains evidence to overcome the reasonable inference from the probation officer's testimony that, by having alcohol in his home, he was in possession of alcohol in violation of the conditions of his probation. Nor does he point us to any place in the record to show an excuse for this non-compliance. Accordingly, we conclude that the evidence was sufficient for a reasonable mind to conclude that Defendant had violated this condition of his probation. The district court's revocation of Defendant's probation was not an abuse of discretion.

**{40}** Defendant nevertheless contends that the State should be barred from seeking to revoke Defendant's probation based on his violation of the condition prohibiting him from having alcohol because of the amount of time elapsed between the violation and the State's petition to revoke his probation. He argues that his due process rights were violated by the delay and that it was prejudicial to be previously informed of the violation, told to correct his actions, and then over a year later to have to defend against the past violation. This Court addressed the issue of the timeliness of a revocation proceeding in *State v. Chavez*, 102 N.M. 279, 281, 694 P.2d 927, 929 (Ct. App. 1985). In *Chavez*, we said that "[a]lthough there are no specific mandatory time limits imposed by court rule or statute in New Mexico for instituting and prosecuting a probation revocation proceeding, the proceedings must be held within a reasonable time after probation authorities become aware of an alleged violation." *Id.*; *see* Rule 5-805(G) (providing time lines for hearings after there is a recommendation that

14

probation be revoked). However, for a delay in the institution and prosecution of a probation revocation proceeding to constitute a denial of due process, the probationer must show that he or she was prejudiced by the delay. *Chavez*, 102 N.M. at 282, 694 P.2d at 930. In *Chavez*, the district court stated that the defendant "made no showing that he demanded an earlier hearing, was unable to call necessary witnesses on his behalf, or that any of the witnesses had trouble remembering any of the critical events surrounding the events relevant to the revocation proceedings." *Id.* Under those facts, the district court found no prejudice. *Id.*

**{41}** Here, the State initiated proceedings to revoke Defendant's probation on December 11, 2009. Defendant violated the condition of probation prohibiting him from possessing alcohol in August of 2008. We need not decide whether the State was required to bring the probation revocation proceedings earlier. Defendant failed to make any showing that he was prejudiced by this delay. He merely concludes that he was prejudiced by having to defend against the violation a year and a half later and makes no attempt to explain why. "An assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. Therefore, under the analysis set out in *Chavez*, Defendant has failed to show that the State's delay in prosecuting this probation violation violated his due process rights.

**Habitual Offender Enhancement**

**{42}** Defendant's plea agreement stated that he understood that if he violated any of the conditions of his probation, he would be subject to habitual offender proceedings based on his prior felony conviction. Accordingly, when sentencing Defendant after revoking his probation, the district court applied the habitual offender enhancement. Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967) and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), Defendant argues that the district court could not enhance his sentence under the Habitual Offender Statute based on the prior felony conviction that he received when he was a juvenile. Although Defendant was in fact a minor at the time he committed the sexual offense for which he was convicted, the record reflects that he received an adult sentence for the crime. For the following reasons, we conclude the district court had the authority to enhance Defendant's sentence under the Habitual Offender Statute.

**{43}** Whether Defendant's previous felony conviction can be used for the purposes of sentence enhancement under Section 31-18-17 is a question of law that we review de novo. *See State v. Smith*, 2000-NMCA-101, ¶ 4, 129 N.M. 738, 13 P.3d 470. The Habitual Offender Statute provides in pertinent part that "[a] person convicted of a noncapital felony in this state whether within the Criminal Code . . . or the Controlled Substances Act . . . or not who has incurred one prior felony conviction . . . is a habitual offender and his basic sentence shall be increased by one year." Section 31-18-17(A). The Children's Code provides that "[i]f a judgment on a proceeding under the Delinquency Act results in an adult sentence, the determination of guilt at trial becomes a conviction for the purposes of the Criminal Code." NMSA 1978, § 32A-2-18(C) (1996).

15

**{44}** Defendant admits that he was sentenced as an adult for attempted criminal sexual penetration of a child under thirteen. Accordingly, pursuant to Section 32A-2-18(C), that determination of guilt is a conviction for the purposes of the Criminal Code. Regardless of whether Defendant was convicted under the Criminal Code, it is undisputed that he was convicted of a felony. The Habitual Offender Statute applies to persons convicted of felonies whether they are convicted under the Criminal Code, Controlled Substances Act, "or not." Section 31-18-17(A). Thus, the Habitual Offender Statute simply applies to anyone convicted of a felony. Because Defendant was convicted of a felony, the district court had the authority to enhance his sentence under the Habitual Offender Statute.

**{45}** Defendant's case is distinguishable from *Smith*, in which this Court concluded that a defendant's prior out-of-state conviction for a burglary committed when he was seventeen could not be used to enhance his sentence under Section 31-18-17. *Smith*, 2000-NMCA-101, ¶¶ 1-2. There, we determined that the defendant had been sentenced as a youthful offender and placed on youthful offender probation. *Id.* ¶ 9. Unlike Defendant, the defendant in *Smith* was not sentenced as an adult. *Id.* Accordingly, the defendant's offense was not treated as a felony, and the Habitual Offender Statute did not apply. *Id.* ¶¶ 10-11. Because Defendant was sentenced as an adult, rather than adjudicated delinquent, and was convicted of a felony for the purposes of the Criminal Code, the Habitual Offender Statute is applicable.

## CONCLUSION

**{46}** The conditions of Defendant's probation had legal effect and were reasonable. The district court's revocation of Defendant's probation was supported by sufficient evidence, and, as a person convicted of a felony, Defendant was subject to the enhancement of his sentence under the Habitual Offender Statute. We affirm the district court's revocation of Defendant's probation.

**{47}  IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**I CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**TIMOTHY L. GARCIA, Judge (specially concurring).**

**GARCIA, Judge (specially concurring)**

16

**{48}** I concur in the result reached by the majority in this case, but I disagree with the majority's extension of *Duran* to appeals involving the revocation of a convicted defendant's probation. 105 N.M. at 232, 731 P.2d at 375; *see* Majority Opinion ¶¶ 9, 13-20. I agree that a limited due process right to counsel does arise in certain case-by-case circumstances for probation revocation hearings under *Gagnon*, 411 U.S. at 790. *See Barnett*, 90 N.M. at 634, 567 P.2d at 483; Majority Opinion ¶ 11. However, a defendant's liberty interest while on probation is correctly identified as a conditional liberty interest and not the type of fundamental or absolute liberty interest arising from a conviction or other fundamental circumstances. *See Guthrie*, 2011-NMSC-014, ¶ 14. This conditional liberty interest cannot be equated with the fundamental liberty interest at stake in *Duran*.

**{49}** The minimum due process right that a probationary defendant is entitled to assert may necessitate the appointment of counsel during certain probation violation/revocation hearings. *Barnett*, 90 N.M. at 634, 567 P.2d at 483. However, an automatic per se right to appeal the district court's probation revocation decision should not result from such a minimal due process right. This does not leave a defendant without recourse or a remedy.

**{50}** We recognize that a defendant has the right to appeal from a revocation of probation. *See State v. Montoya*, 93 N.M. 84, 85, 596 P.2d 527, 528 (Ct. App. 1979) (appealing the validity of a defendant's probation revocation hearing); *State v. Brusenhan*, 78 N.M. 764, 765, 438 P.2d 174, 175 (Ct. App. 1968) (recognizing the defendant's right to appeal the revocation of his probation under the rules and statutory provisions in existence at that time). If a defendant chooses to appeal and notifies his trial counsel that he desires to appeal, trial counsel can be found ineffective if a notice of appeal is not timely filed on defendant's behalf. *See Evitts*, 469 U.S. at 396-97; *State v. Torres*, 2012-NMCA-026, ¶ 6, 272 P.3d 689, *cert. granted*, 2012-NMCERT-003, __ P.3d __. The existing rules and judicial precedent protect a defendant under these circumstances. However, where a defendant never notifies his trial counsel of the desire to appeal his revocation of probation or only notifies his counsel of the desire to appeal after the time for an appeal has run, such circumstances should not establish a conclusive per se presumption of ineffective assistance of counsel. We have no procedure in place for probation revocation decisions that are comparable to the written affidavit requirement under Rule 5-702 where a defendant waives his constitutional right to appeal a criminal conviction entered by the district court. The majority would extend the per se presumption established under *Duran* to this particular circumstance, and I disagree. It should not be assumed that every defendant desires to appeal every revocation of probation unless counsel is notified of the defendant's desire to appeal, and our appellate courts should not be required to accept every probation revocation case where a notice of appeal was not timely filed. Due process should not be expanded to provide such a per se right as the majority has now concluded.

---

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *State v. Leon*, No. 31,067**

**APPEAL AND ERROR**
Substantial or Sufficient Evidence
Timeliness of Appeal

**CRIMINAL LAW**
Sex Offences

**CRIMINAL PROCEDURE**
Habitual Criminal
Probation
Sentencing