STATE V. SANCHEZ

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**CESAR SANCHEZ,**
**Defendant-Appellant.**

Docket No. A-1-CA-37709
COURT OF APPEALS OF NEW MEXICO
March 18, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY, Matthew E. Chandler, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee.

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, BRIANA H. ZAMORA, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Defendant appeals following the revocation of his probation. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertion of error. We therefore affirm.

**{2}** In his memorandum in opposition Defendant renews his challenge to the sufficiency of the evidence to establish that he violated the terms and conditions of probation. [DS 5; MIO 3] However, as described at greater length in the notice of proposed summary disposition, [CN 2-3] the State presented eyewitness testimony establishing that Defendant violated the first standard condition of his probation by committing one or more criminal offenses—namely, assault, battery, and/or robbery. [RP 104-06] Defendant does not controvert this; instead, he contends that the evidence should be deemed insufficient because the State failed to establish that he committed either battery on a household member or false imprisonment. [MIO 1, 4-6] Assuming that this is so, it does not alter our analysis or require a different result. Although battery on a household member and false imprisonment were charged in a separately filed criminal action, [RP 78-80] the detailed petition to revoke Defendant's probation described a course of conduct that was also consistent with assault, battery, and robbery. [RP 75-81] And as previously stated, the eyewitness testimony presented at the hearing on the petition was sufficient to establish, with reasonable certainty, that Defendant committed one or more of those offenses. [CN 2-3; RP 104-06] *See generally State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (explaining that the state bears the burden of establishing a probation violation with reasonable certainty); *In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation). This is sufficient to support the revocation of Defendant's probation. *See Leon*, 2013-NMCA-011, ¶ 37 ("[I]f there is sufficient evidence to support just one violation, we will find the district court's [probation revocation] order was proper.").

**{3}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{4}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**BRIANA H. ZAMORA, Judge**