This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                      **NO. A-1-CA-36514**

**TIMOTHY T. ROMERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}   Defendant appeals from an order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}   Initially, we note that there are four separate records because the four proceedings were initially filed separately but were consolidated for sentencing purposes. All references will be to the record in D-202-CR-2013-00849.

**Cross-Examination**

{3}   Defendant continues to claim that he was denied due process because the State was allowed to cross-examine him about an alleged prior auto burglary; in that case the same judge ruled that there was insufficient evidence to base probation revocation on the allegation. [MIO 8] Defendant does not explain precisely how the cross-examination violated one of the components of due process in the probation revocation context, other than broadly asserting that it violated basic notions of fairness. [MIO 9-10] *See generally State v. Guthrie*, 2011-NMSC-014, ¶ 12, 150 N.M. 84, 275 P.3d 904 (setting forth the framework of due process in the context of probation). Although Defendant refers to this as "bad act" evidence [MIO 9], which would have required admission under Rule 11-404(B) NMRA if the Rules of Evidence applied, the cross-examination was more akin to impeachment under Rule 11-608(B)(1) NMRA. Even if the evidence of the earlier incident had not been found sufficient to revoke probation in that case, the similarity of the conduct bore on the

2

truthfulness of Defendant's testimony. In addition, we do not believe that Defendant suffered any prejudice, since the presiding judge was not only aware of this prior incident, but had ruled that it did not independently provide the basis for a revocation. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

{4}	Defendant claims that the district court judge impermissibly took judicial notice of the prior proceeding, specifically noting that Defendant's credibility was undermined by his pattern of behavior. [DS 6-7, 9] Again, the judge did not need to take judicial notice because she had actual notice of that case. If Defendant did not want this judge to be the fact-finder in this case, he could have sought a recusal.

**Employment as Condition of Probation**

{5}	Defendant continues to claim that the underlying judgment and sentence did not require him to obtain and maintain employment and, therefore, it could not be a condition of probation. [MIO 12] Defendant concedes that the judgment and sentence authorized the standard conditions of probation. [MIO 2; RP 127] One of the standard conditions was that Defendant "make every effort to obtain and hold a legitimate job[.]" [RP 193] To the extent that the judgment also contained an unchecked separate box with respect to employment, checking this box would have been cumulative of the "standard conditions" authorization. *See State v. Leon*, 2013-NMCA-011, ¶ 26, 292 P.3d 493 ("That the terms and conditions set by the probation office were not

3

spelled out in the order itself did not establish that those terms and conditions were not imposed by the court.").

**Sufficiency of the Evidence**

**{6}** Defendant challenges the sufficiency of the evidence to support the revocation of his probation based on the violation of the requirement to make every effort to obtain and hold employment. [DS 10] "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *See Leon*, 2013-NMCA-011, ¶ 36. "To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R*., 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez,* 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{7}** Here, a probation officer testified that she helped Defendant secure employment on January 25, 2017. [DS 8] On February 7, 2017, the officer contacted the employer and was told that Defendant had only shown up for two or three days of work during this period. [MIO 7; DS 8] Contrary to Defendant's claim [MIO 14] that the probation violation had been based on a single day of missed work, this evidence supports the conclusion that Defendant had missed many days of work and therefore had not made every effort to hold onto employment during the two weeks in question.

4

{8}    For the reasons set forth above, we affirm.

{9}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**J. MILES HANISEE, Judge**


_____

**JULIE J. VARGAS, Judge**