This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **NO. A-1-CA-37213**

**CASEY LOGAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Casey Logan appeals following the revocation of his probation. We

previously issued a notice of proposed summary disposition in which we proposed to

affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2}     The relevant background information has previously been set forth. We will avoid undue reiteration, and focus instead on the content of the memorandum in opposition.

{3}     By his first and third issues, Defendant renews his argument that the district court erred in determining that he was competent, both at the time that he entered his plea, and at the time of the subsequent probation revocation proceeding. [MIO 6-8, 10-11] Defendant relies upon the testimony of his expert witness, to the effect that his difficulty regulating his emotions and his tendency to misinterpret communications rendered him incapable of rationally assisting counsel. [MIO 4, 8] However, the district court was not required to adopt the expert's view. *See generally In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 14, 121 N.M. 562, 915 P.2d 318 ("It is well settled in New Mexico that a fact finder may disregard the opinions of experts."). Moreover, the State presented conflicting expert testimony, and also called Defendant's probation officers, who testified that they had no trouble communicating effectively with Defendant. [MIO 5] Under the circumstances, we will not disturb the district court's determination. *See generally State v. Rael*, 2008-NMCA-067, ¶ 6, 144 N.M. 170, 184

P.3d 1064 (indicating that competency determinations are reviewed for abuse of discretion, viewing the evidence in the light most favorable to the judge's decision).

**{4}** By his second issue, Defendant contends that the district court erred in "not allowing" his attorney to testify as to his opinion about Defendant's ability to assist. [MIO 9-10] This represents a departure from the issue presented in the docketing statement, whereby Defendant challenged the district court's determination that counsel was not a necessary witness. [DS 5] For the reasons previously described, [CN 3-4; MIO 3] we perceive no error with respect to that determination. To the extent that Defendant now seeks to challenge to the district court's handling of evidence that might have been presented by trial counsel, the memorandum in opposition is ambivalent: it suggests that the district court excluded testimony, [MIO 9-10] while simultaneously indicating that it is "unknown" whether the district court even considered the admission of that evidence. [MIO 4] This does not signify that the argument was duly preserved, either through a proffer, or by eliciting a ruling. *See generally* Rule 11-103(A)(2) NMRA ("A party may claim error in a ruling to . . . exclude evidence only if the error affects a substantial right of the party and if . . . the party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."); Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly

invoked.”); *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (“[I]t is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked.” (internal quotation marks and citation omitted)). Under the circumstances, we decline to consider the matter further. *See State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that “this Court has no duty to review an argument that is not adequately developed”).

{5}    By his fourth issue, Defendant contends that the district court erred in considering allegations of additional probation violations at the time of sentencing. [MIO 11-12] However, as we previously observed, in this context, “if there is sufficient evidence to support just one [probation] violation, we will find the district court’s order was proper.” *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493. Insofar as Defendant admitted that he violated the terms and conditions of his probation, [DS 3] the district court’s order is affirmable. *Id.* In his memorandum in opposition Defendant further suggests that he was denied notice of the additional violations prior to the sentencing hearing. [MIO 11-12] We acknowledge that “due process may require advance notice to the defendant so that the defendant has the opportunity to challenge the accuracy” of information presented at a sentencing hearing. *State v. Gardner*, 2003-NMCA-107, ¶ 43, 134 N.M. 294, 76 P.3d 47.

4

However, the record before us reflects that Defendant was on notice of the additional allegations, by virtue of the State's filing of an addendum with a comprehensive associated report. [2 RP 281-85, 297] We therefore reject the suggestion of a due process violation.

{6}     Finally, Defendant renews his argument that the previous judge should have determined his competency. [MIO 13] However, for the reasons previously stated, [CN 1-2] as well as those acknowledged in the memorandum in opposition, [MIO 13] we remain unpersuaded.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**



_____
**JULIE J. VARGAS, Judge**



_____
**EMIL J. KIEHNE, Judge**