This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-37709**

**CESAR SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant appeals following the revocation of his probation. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendant has

filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertion of error. We therefore affirm.

{2}    In his memorandum in opposition Defendant renews his challenge to the sufficiency of the evidence to establish that he violated the terms and conditions of probation. [DS 5; MIO 3] However, as described at greater length in the notice of proposed summary disposition, [CN 2-3] the State presented eyewitness testimony establishing that Defendant violated the first standard condition of his probation by committing one or more criminal offenses—namely, assault, battery, and/or robbery. [RP 104-06] Defendant does not controvert this; instead, he contends that the evidence should be deemed insufficient because the State failed to establish that he committed either battery on a household member or false imprisonment. [MIO 1, 4-6] Assuming that this is so, it does not alter our analysis or require a different result. Although battery on a household member and false imprisonment were charged in a separately filed criminal action, [RP 78-80] the detailed petition to revoke Defendant's probation described a course of conduct that was also consistent with assault, battery, and robbery. [RP 75-81] And as previously stated, the eyewitness testimony presented at the hearing on the petition was sufficient to establish, with reasonable certainty, that Defendant committed one or more of those offenses. [CN 2-3; RP 104-06] *See generally State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 (explaining that the state bears the burden of establishing a probation violation with reasonable certainty);

2

*In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation). This is sufficient to support the revocation of Defendant's probation. *See Leon*, 2013-NMCA-011, ¶ 37 ("[I]f there is sufficient evidence to support just one violation, we will find the district court's [probation revocation] order was proper.").

{3}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{4}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Chief Judge**


_____
**BRIANA H. ZAMORA, Judge**