This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36461**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DENNIS J. MAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Kevin R. Sweazea, District Judge**

Law Office of Mark W. Allen, LLC
Mark W. Allen
Albuquerque, NM

for Appellee

Dennis J. May
Edgewood, NM

Pro se Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}**      Defendant Dennis May appeals his convictions for violations of the Torrance County, N.M., Zoning Ordinance, Section 11(C) (1990, as amended through 2008), setting out the "conditional uses" for which his property can be used, and the Torrance County, N.M., Solid Waste Ordinance, Section 5(C) (1994, as amended through 2016), prohibiting a person from permitting certain solid waste and construction debris from accumulating upon property. On appeal, Defendant's pro se arguments are largely unintelligible, but from his brief in chief we glean that he raises the following issues: (1) whether there is sufficient evidence to support both convictions; (2) whether Defendant

received ineffective assistance of counsel; (3) whether the State's prosecution of the zoning ordinance constitutes an unlawful taking, violating Defendant's Fifth and Fourteenth Amendment rights; (4) whether various state laws permit his current property use; (5) whether the code enforcement officer was qualified to testify about the condition of vehicles located on the property; and (6) whether the code enforcement officer violated Defendant's rights by committing perjury in the initial criminal complaint. Because we find that there is sufficient evidence to support both convictions, that Defendant has not developed a record of ineffective assistance of counsel, and that the remaining arguments were unpreserved, we affirm. As this is a memorandum opinion and the parties are familiar with the facts of the case and the procedural background, we include the relevant background information only where relevant to the analysis.

## DISCUSSION

### I.      Sufficiency of the Evidence

**{2}**      Defendant owns four lots located in Torrance County. In 2014 a county code enforcement officer conducted an inspection of Defendant's property and issued citations for violations of the county's Zoning Ordinance and Solid Waste Ordinance. After a bench trial in district court, Defendant was convicted of one violation of the conditional uses permitted under the Zoning Ordinance and one violation of the Solid Waste Ordinance. On appeal, Defendant challenges the sufficiency of the evidence to support those convictions.

### A.      Standard of Review

**{3}**      "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict[,]" *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, and "disregard all evidence and inferences to the contrary." *State v. Rojo,* 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. The Court then determines "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted). As we are reviewing the judgment resulting from a bench trial, we measure the sufficiency of the evidence against the relevant ordinances. *See State v. Curry*, 2002-NMCA-092, ¶¶ 4, 9, 132 N.M. 602, 52 P.3d 974 (measuring the sufficiency of the evidence against the relevant statutes on appeal from a bench trial).

### B.      Zoning Ordinance Conviction

**{4}**      In 1990 Torrance County implemented its Zoning Ordinance and zoned Defendant's property as "preplatted lands" (PL). Under the Ordinance, owners of PL properties are entitled to use their lands for "[a]ll Permissive [u]ses allowed in the [Rural Residential] District (RR)" and for "[a]ll Conditional [u]ses allowed in the RR District"

upon receipt of a permit for those conditional uses. Zoning Ordinance, Section 10(B), (C)(1). Among the conditional uses allowed by the PL Zoning Ordinance was use for home occupation. Zoning Ordinance, Section 11(C). Any home occupation of a property zoned PL is limited such that:

a. Not more than 40 percent of the floor area of the dwelling unit, nor more than 800 square feet of an accessory building shall be used in the conduct of the home occupation[;]

. . . .

c. There shall be no exterior storage of materials unless completely enclosed by a wall[;]

. . . .

e. If there is an occasional requirement to park additional vehicles or to provide temporary outside storage of equipment or materials on the premises, then such arrangements or conditions shall be stated fully on the permit application[.]

Zoning Ordinance, Section 11(C)(1)(a), (c), (e). In this case, prior to the implementation of the Zoning Ordinance, Defendant was using his property for home occupation, storing materials related to his service business there.

**{5}** Defendant's use of his property was not in compliance with the Zoning Ordinance when it went into effect. However, owners whose "lots, structures, or uses of land or structures which were lawful before [the Zoning] Ordinance was passed or amended" but are now nonconforming, were entitled to receive certificates of nonconformance and continue the "nonconformity existing at the time [the Zoning] Ordinance [took] effect[.]" Zoning Ordinance, Section 20(A), (C). Certificates of nonconformance were intended "allow these nonconformities to continue until they are removed, but not to encourage their survival." Zoning Ordinance, Section 20(A). Thus, the Zoning Ordinance prohibited property owners from "enlarg[ing], expand[ing], or extend[ing]" the nonconforming use beyond the original certificate of nonconformance. Zoning Ordinance, Section 20(D).

**{6}** Defendant was issued a certificate of nonconformance in October 1990 that listed the present uses of the property and reason for nonconformance as "storage of services company equipment—no retail outlet" and indicated that the property had been used for that purpose since October 1989. Attached to the certificate was a drawing of Defendant's property showing a "temporary structure" measuring sixty feet by thirty feet, an area designated as "temporary storage" measuring twenty-four feet long by sixteen feet wide and a small area marked "open storage."

**{7}** Defendant argues that there is insufficient evidence to support his conviction for violating the Zoning Ordinance because the certificate of nonconformance allows him to

continue storing the items located on his property. In response, the State argues that Defendant either abandoned the uses permitted by the certificate of nonconformance or exceeded the scope of the certificate with his present use thereby violating the Zoning Ordinance.

**{8}** At trial, Torrance County Code Enforcement Officer Dan De Costa testified that the original certificate allowed Defendant to use the property for "storage of services company equipment—no retail outlet." As further explanation of the business Defendant conducted on the property, Officer De Costa testified that Defendant had submitted a business registration application to the county in December 1993 for a "video amusements" business located at the property. Officer De Costa testified that he inspected the property twice, first in July 2014 and again twenty months later in February 2016 and saw more than twenty vehicles were stored on the property "that appeared broken down and had weeds growing in around them . . . and appeared they hadn't run for years." He also saw dilapidated mobile homes, toys, phone booths, broken-down appliances, tires, mattresses, and other items that the officer classified as "salvage material" scattered openly throughout the property in no organized way. Additionally, the State introduced numerous photographs of the property into evidence showing items described by Officer De Costa as well as the general condition of the property.

**{9}** Officer De Costa testified that he saw no attempts to clean up the property between his two inspections and the materials on the property did not appear to be related to any "video amusements" business or any other ongoing business. Officer De Costa testified that the current use was more like a salvage yard, which exceeded the certificate of nonconformance and was otherwise not permitted within the property's conditional or permissive uses, in violation of the Zoning Ordinance.

**{10}** Based on the evidence presented, the district court found that "there does not appear anything that appears [sic] to be used or continues to be used in connection with any business." Instead, the district court concluded that the property was being used as a salvage yard, beyond the scope of the Defendant's certificate of nonconformance and in violation of the Zoning Ordinance. *See* Zoning Ordinance, Section 5(B)(29) (defining a "salvage yard" as "an enclosed building or outside area where used or secondhand materials are brought, sold, exchanged, stored, processed or handled. Such materials include but are not limited to metals, paper, textiles, glass, [six] or more motor vehicles, and components of motor vehicles").

**{11}** Viewing the evidence in the light most favorable to the guilty verdict and disregarding evidence and inferences to the contrary, we conclude that there is sufficient evidence to support the district court's conclusion that Defendant's use of his property exceeded the scope of the certificate of nonconformance and thus violated the Zoning Ordinance.

## C.   Solid Waste Ordinance Conviction

**{12}** We next consider whether sufficient evidence supports Defendant's conviction for violating the Solid Waste Ordinance. The Solid Waste Ordinance states that "[n]o person (whether owner, tenant, lessee, manager or other person) shall permit any solid waste, litter, or [construction and demolition] debris or any composition or residue thereof which is in an unsanitary condition or hazardous to public health to remain upon the property." Solid Waste Ordinance, Section 5(C). The ordinance defines "solid waste," in pertinent part, as "any garbage, refuse . . . and other discarded material, including solid, liquid, semisolid or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations and from community activities." Solid Waste Ordinance, Section 4(B)(16). The ordinance also defines "construction and demolition debris" as "material generally considered to be water insoluble and nonhazardous in nature, including, but not limited to, steel, glass, brick, concrete, asphalt roofing materials, pipe, gypsum wallboard, and lumber from the construction or destruction of a structure project." Solid Waste Ordinance, Section 4(B)(4).

**{13}** Defendant challenges the sufficiency of the evidence for his conviction of the Solid Waste Ordinance on two grounds. First, Defendant contends that the State failed to provide evidence of an accumulation of solid waste that was in an unsanitary or hazardous condition. Next, Defendant claims that because construction and demolition equipment is non-hazardous in nature it cannot qualify as "unsanitary or hazardous." Defendant's arguments are without merit. Officer De Costa's testimony that he saw solid waste, which included mattresses, discarded tires, and general trash, as well as construction and demolition equipment, which included the broken-down mobile homes, piles of metal, and pieces of appliances and equipment on Defendant's property, along with the photographs of all those items, are sufficient to support the district court's finding Defendant had allowed solid waste, construction and demolition debris to accumulate on the property in an unsanitary or hazardous condition.

**{14}** Defendant also argues on appeal that certain items on his property fall outside the scope of the Solid Waste Ordinance because they were in trash cans or they could be considered "firewood." However, because these arguments were not raised before the district court, we do not consider them. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)); *see also* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

## D.    Ineffective Assistance of Counsel

**{15}** We now turn to Defendant's argument that he received ineffective assistance of counsel. "The standard of review for claims of ineffective assistance of counsel is de novo." *State v. Boergadine*, 2005-NMCA-028, ¶ 33, 137 N.M. 92, 107 P.3d 532. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima

facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**{16}** In this case, Defendant has not developed a record to such that we are able to evaluate his claim. Defendant is "free to pursue habeas corpus proceedings where he may actually develop the record with respect to these issues." *State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517.

## II. Remaining Arguments

**{17}** Defendant's remaining arguments are: (1) the enforcement of the Zoning Ordinance constitutes an unlawful taking, violating Defendant's Fifth and Fourteenth Amendment rights; (2) various state laws permit his current property use; (3) the district court erred in permitting the officer to testify condition of vehicles because the officer "has no credentials allowing him to make [those] kinds of determinations"; and (4) the officer violated Defendant's rights by committing perjury in the initial criminal complaint. However, because Defendant failed to raise these arguments below, he failed to preserve them for review on appeal. *See* Rule 12-321(A) ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). We therefore decline to address them. *See Leon*, 2013-NMCA-011, ¶ 33 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)); *see also Gonzales v. Shaw*, 2018-NMCA-059, ¶ 14, 428 P.3d 280 ("The primary purposes for the preservation rule are: (1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue.").

## CONCLUSION

**{18}** We affirm.

**{19} IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Judge**

**JACQUELINE R. MEDINA, Judge**