This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38491**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**JENNIFER G.**

      Respondent-Appellant,

**IN THE MATTER OF LINDSEY G.
and MADISON G.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Jane B. Yohalem
Jane B. Yohalem
Santa Fe, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Mother appeals from the termination of her parental rights (TPR). We issued a notice of proposed summary disposition proposing to affirm. Mother filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     In Mother's MIO, she argues that the district court relied on stale evidence to determine that Mother would not likely be able to remedy the causes and conditions that brought Child into custody in the foreseeable future. [MIO 3] New Mexico law provides that evidence relied upon by the district court in terminating parental rights may not be sufficiently outdated as to render it stale. *See State ex rel. Dep't of Human Servs. v. Nat. Mother*, 1981-NMCA-103, ¶ 9, 96 N.M. 677, 634 P.2d 699 (stating that the information used to evaluate the continuing conditions and causes of neglect was stale and thus not useful in the proceedings to terminate the mother's parental rights).

**{3}**     In support of her argument, Mother states that testimony was presented regarding efforts Mother made to engage in her treatment plan during the three months prior to the TPR hearing. [MIO 6-7] Importantly, these efforts by Mother were made only after the filing of a TPR motion by the Children, Youth and Families Department (the Department), in the three months immediately prior to the TPR hearing, while mother was incarcerated for violating probation. [MIO 6-7] Mother relies on *State ex rel. Children, Youth and Families Department v. Hector C.*, 2008-NMCA-079, ¶ 15-16, 144 N.M. 222, 185 P.3d 1072, to argue that evidence of recent compliance renders previous evidence stale for TPR purposes. [MIO 9] However, *Hector C.* involved a unique circumstance where "[the f]ather's incarceration played an overwhelming and singular role in the termination proceedings." *Id.* ¶ 21. That does not appear to be the case here, where Mother was not incarcerated for the majority of the proceedings below and nonetheless disappeared from Child's life and failed to meaningfully engage in her treatment plan for over a year. [MIO 6-7; see also 2 RP 293]

**{4}**     Moreover, to the extent the district court considered this evidence of partial compliance—for a limited time and in a controlled environment—and weighed it against the approximate year preceding Mother's incarceration where it appears that Mother failed to engage in or complete her treatment plan [MIO 6-7; see also 2 RP 293], this falls within the district court's role as fact-finder to weigh the evidence presented, and we will not re-weigh the evidence on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶ 19, 141 N.M. 299, 154 P.3d 674 ("We employ a narrow standard of review and do not re[]weigh the evidence.").

**{5}**     For these reasons and for those outlined in our notice of proposed disposition, we conclude that the district court did not err in concluding that the causes and

conditions that brought Child into custody were unlikely to change in the foreseeable future. Having determined that termination of Mother's parental rights was proper on this basis, we need not consider whether termination would also have been proper on the alternative basis of presumptive abandonment. *Cf. State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation).

**{6}** Finally, Mother argued in her docketing statement that the district court's determination that the parent-child bond had disintegrated was not supported by sufficient evidence. [Amd. DS 4] In her memorandum in opposition, Mother continues to argue that there was insufficient evidence of disintegration of the parent-child bond, and thus the district court should have considered a less drastic alternative to termination of her parental rights, namely the establishment of a permanent guardianship between Child and her aunt. [MIO 13-17] However, Mother has pointed to nothing in the statute requiring the district court to consider guardianship before terminating parental rights. Indeed, nothing in NMSA 1978, Section 32A-4-28(B)(2) (2005) requires a court to consider guardianship as an alternative to termination. To the extent Mother argues otherwise, we note that our decision is consistent with prior decisions of this Court, and that this Court has recently rejected a similar argument. *See State ex rel. Children, Youth & Families Dep't v. Amie W.*, A-1-CA-37840, memo op. ¶¶ 28-30 (N.M. Ct. App. Dec. 18, 2019) (non-precedential). Accordingly, we conclude that the district court was not required to find that permanent guardianship was not in Child's best interests before terminating Mother's parental rights.

**{7}** For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order terminating Mother's parental rights.

**{8}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINA BOGARDUS, Judge**