This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40892**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GARY L. DOPORTO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Eric Orona, Assistant Solicitor General
Albuquerque, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

### DISPOSITIONAL ORDER

**HENDERSON, Judge.**

      This matter is on appeal from Defendant Gary Doporto's conviction for trafficking a controlled substance (possession with intent to distribute), contrary to NMSA 1978, Section 30-31-20 (2006). For the reasons that follow, we affirm.

      1.      At trial for Defendant's charge of trafficking a controlled substance, a police officer was permitted to provide opinion testimony distinguishing personal use

and trafficking amounts of heroin over Defendant's objection. The officer opined that the weight of heroin present in this case, 1.93 grams, "is an amount to be given away or sold."

2.      "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 (citation omitted).

3.      Additionally, "[i]n order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056. "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted).

4.      On appeal, Defendant claims that the district court improperly admitted the police officer's testimony because (1) the district court never recognized him as an expert, (2) he was not qualified to offer opinion testimony distinguishing between quantities of heroin for distribution and for personal use under Rule 11-702 NMRA, and (3) his testimony improperly commented on Defendant's intent.

5.      Defendant's first and second contentions were preserved by his objection at trial to the officer's qualifications to provide expert opinion testimony. However, it appears from our review of the record that Defendant's third contention is unpreserved. Defendant's foundational objections that the officer was unqualified to testify as an expert were insufficient to alert the district court that the officer's opinion impermissibly reached the ultimate issue for the jury to decide. *See Montoya*, 2015-NMSC-010, ¶ 45. Nevertheless, we will assume for purposes of our analysis that this third claim of error, like the first two, was preserved.

6.      We further assume, without deciding, that the district court erroneously permitted the officer to give expert opinion testimony, which he was unqualified to give, and to improperly comment on Defendant's intent. Even in cases where it is established that evidence was erroneously admitted, however, reversal is not warranted if the error was harmless. *See State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110. Stated differently, reversal is warranted only where the error caused prejudice—i.e., where there is a reasonable probability that the error contributed to the verdict. *See id.* ¶¶ 25, 36 (affirming that the reasonable probability standard applies to evidentiary errors such as the ones claimed here). The probable effect of an evidentiary error is determined on a case-by-case basis by considering, among other things, the circumstances of the error, the emphasis placed on the error, evidence of a defendant's guilt apart from the error, the importance of the improperly admitted evidence, and whether the erroneously admitted evidence introduced new facts or was merely cumulative. *Id.* ¶ 43. "Defendant bears the initial burden of demonstrating that he was prejudiced by the error." *State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245.

7.       Defendant has failed to meet his initial burden of showing how he was prejudiced by the evidentiary errors such that reversal is warranted. That is, Defendant does not discuss how the officer's testimony resulted in prejudice in this case under the numerous considerations in *Tollardo*. *See* 2012-NMSC-008, ¶¶ 43-44 (stressing the case-specific nature of harmless error review). In fact, Defendant's briefing entirely omits any such analysis—failing even to cite the harmless error standard. In short, Defendant fails to analyze the probable effect of the admission of the officer's testimony on the verdict in his case, *see id.* ¶ 36, and we will not perform that analysis for him, *see State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622 (declining to review an inadequately briefed issue, where review would require this Court to develop the defendant's argument).

8.       Because Defendant has failed his initial burden of demonstrating he was prejudiced by the error such that reversal is warranted, *see Astorga*, 2015-NMSC-007, ¶ 42, we conclude that the admission of the officer's testimony, even if in error, was harmless.

9.       For these reasons, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**