This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41556**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DANIEL P. BALDING a/k/a**
**DANIEL BALDING,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Solicitor General
Albuquerque, NM

for Appellee

Law Offices of Gary C. Mitchell, PC
Gary C. Mitchell
Ruidoso, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Daniel Balding appeals his convictions for one count of child solicitation by electronic communication device, contrary to NMSA 1978, Section 30-37-3.2(A), (B)(1) (2007), and one count of attempting to cause or permit a child to engage in sexual exploitation (recording) in violation of NMSA 1978, Section 30-6A-3(D) (2016)

and NMSA 1978, Section 30-28-1 (2024).[1] As a result of these convictions, Defendant was required to register as a sex offender for life. *See* NMSA 1978, § 29-11A-5(D)(3), (6), (E)(8) (2007). On appeal, Defendant challenges his convictions, arguing that (1) the district court improperly excluded evidence about the age of consent; (2) the district court provided confusing jury instructions; (3) the jury erred by failing to find that Defendant was entrapped; and (4) there was insufficient evidence to support Defendant's convictions. Additionally, Defendant asserts that he should not be required to register as a sex offender for life. For the following reasons, we affirm.

## DISCUSSION

### I. Exclusion of Testimony

**{2}** Defendant contests the district court's rejection of evidence regarding the age of consent in New Mexico. Though Defendant does not attempt to identify the appropriate standard of review, *see* Rule 12-318(A)(4) NMRA, "we review the [district] court's decision to exclude . . . evidence under the abuse of discretion standard," *see State v. Apodaca*, 1994-NMSC-121, ¶ 35, 118 N.M. 762, 887 P.2d 756.

**{3}** At trial, Defendant sought to testify that the age of consent for sexual intercourse is sixteen. The State objected to this testimony as irrelevant because Defendant was charged with soliciting a child who is at least thirteen but is under sixteen, *see* § 30-37-3.2(B)(1), and with attempting to cause or permit a child under eighteen to engage in sexual exploitation, *see* § 30-6A-3(D). The district court sustained the State's objection.

**{4}** On appeal, Defendant cites no authority to support his assertion that the district court abused its discretion in determining that evidence regarding the age of consent for sexual intercourse was irrelevant when the crimes at issue did not involve sexual intercourse and instead imposed independent statutory age restrictions. Moreover, Defendant did not make the arguments below that he now makes on appeal regarding the district court's purported error. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Thus, we decline to review this argument as it is improperly briefed and unpreserved. *See State v. Franklin*, 2020-NMCA-016, ¶ 31, 460 P.3d 69 ("[W]e will not consider an issue if no authority is cited in support of the issue and given no cited authority, we assume no such authority exists." (omission, internal quotation marks, and citation omitted); *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

---

[1]Defendant was indicted for attempted sexual exploitation in 2020. The attempt to commit a felony statute was amended in 2024 to increase certain penalties, add a subsection, and redesignate the subsequent subsections. *Compare* § 30-28-1 (1963), *with* § 30-28-1 (2024). As these amendments do not affect our analysis, all references to Section 30-28-1 are to the 2024 version of the statute.

## II.       Jury Instructions

**{5}**     We now address Defendant's arguments regarding jury instructions. Though Defendant again fails to identify the appropriate standard of review, *see* Rule 12-318(A)(4), "[t]he propriety of jury instructions given or denied is a mixed question of law and fact," which we review de novo, *State v. Salazar*, 1997-NMSC-044, ¶ 49, 123 N.M. 778, 945 P.2d 996. As Defendant preserved the instructional issues now raised, "we review the instructions for reversible error," *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. When reviewing jury instructions for reversible error, we must determine "whether the instruction or instructions would confuse or misdirect a reasonable juror due to contradiction, ambiguity, omission, or misstatement." *State v. Gee*, 2004-NMCA-042, ¶ 8, 135 N.M. 408, 89 P.3d 80.

**{6}**     First, Defendant argues that the district court erred in giving the State's requested instruction on entrapment and denying Defendant's requested UJI entrapment instructions. However, the district court did not deny Defendant's requested entrapment instructions—the jury was instructed with both UJI entrapment instructions that Defendant requested. Then, seemingly in contrast to this initial assertion, Defendant argues that the district court modified Defendant's requested instructions such that "information that must be provided" in the instructions was omitted. However, Defendant fails to identify the information that he asserts was missing from the district court's given instructions, fails to explain how this omission amounts to error, and fails to cite any authority supporting his assertion that such unidentified information is required.[2]

**{7}**     These arguments are undeveloped, unclear, and unsupported, and we will not entertain them on appeal. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be"); *State v. Nozie*, 2009-NMSC-018, ¶ 15, 146 N.M. 142, 207 P.3d 1119 ("[A]n appellate court is not required to review issues raised in appellate briefs that are unsupported by cited authority." (internal quotation marks and citation omitted)). Accordingly, we conclude that these challenges to the jury instructions fail.

**{8}**     Turning now to Defendant's final argument, he asserts that, by instructing the jury that "it is not a defense that the intended victim of . . . [D]efendant was a peace officer posing as a child under sixteen years of age," the jury was confused about the availability of an entrapment defense. We disagree.

**{9}**     The form instructions provided to the jury indicated that, if the jury had "a reasonable doubt as to whether . . . [D]efendant was unfairly induced," it must find him not guilty. The instructions further clarified that, if Defendant "was not ready and willing" to commit child solicitation or to attempt to commit child exploitation by recording

---

[2]Even assuming that we could adequately review Defendant's argument, the district court instructed the jury using the exact language of UJI 14-5160 NMRA and UJI 14-5161 NMRA. As such, we perceive no error.

"before first being contacted or approached by a government agent, but is induced or persuaded to commit the crime by a governmental agent, . . . [D]efendant is a victim of unfair inducement." However, if Defendant was "ready and willing to commit the crime[s] at the time of the first contact with the government agent, the mere fact that the government agent provide[d] . . . an opportunity to commit the crime[s] is not unfair inducement." This language reflects the language in UJI 14-5160 NMRA. The jury was also instructed that, if it found that the government "exceeded the bounds of permissible law enforcement conduct, [it] must find . . . [D]efendant not guilty." The instructions defined excessive law enforcement conduct as "conduct which creates a substantial risk that an ordinary person would commit" child solicitation or to attempt to commit child exploitation by recording. This language mirrors UJI 14-5161 NMRA. Additionally, as an element of each charged offense, the jury was instructed that, to find Defendant guilty, it had to find that he "was not entrapped." Finally, the jury was instructed that, "it is not a defense that the intended victim of . . . [D]efendant was a peace officer posing as a child under sixteen years of age." This language is identical to the language in Section 30-37-3.2(D).

**{10}** A reasonable juror would not have been "confused or misdirected" by the given instructions. Defendant claims that the district court "g[ave] an instruction on entrapment and then [told] the jury [that] . . . [D]efendant was not entitled to claim he was entrapped." As with many of his other arguments on appeal, Defendant fails to cite any authority to support his contention that a reasonable juror would be confused or misdirected by instructions containing correct statements of the law. *See Nozie*, 2009-NMSC-018, ¶ 15. Regardless, the fact that a law enforcement agent was posing as a child is a separate and distinct consideration from the jury's determination of whether Defendant was the subject of unfair inducement or excessive law enforcement tactics. Thus, we conclude that the jury instructions were not confusing and the district court did not err in giving these instructions.

### III.    Entrapment

**{11}** Defendant also asserts that the jury erred in finding that he was not entrapped. Because Defendant challenges the jury's rejection of his entrapment defense as a matter of fact, we must determine whether the jury's verdict was supported by substantial evidence. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("Where . . . a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal."). "New Mexico recognizes two major approaches to the defense of entrapment, the subjective approach and the objective approach." *State v. Schaublin*, 2015-NMCA-024, ¶ 10, 344 P.3d 1074. Only the subjective approach is at issue here.[3]

---

3Though Defendant sets forth law relating to objective entrapment and asserts without support that he was objectively entrapped, he fails to make any argument as to whether the jury properly concluded that, "as a matter of fact[,] police conduct created a substantial risk that a hypothetical ordinary person not predisposed to commit a particular crime would have been caused to commit that crime," or that "as a matter of law and policy th[e] police conduct exceeded the standards of proper investigation." *Schaublin*,

**{12}** Defendant claims that he lacked the predisposition to commit child solicitation and exploitation and that, but for the State's inducement, he would not have engaged in such conduct. "Subjective entrapment occurs when the criminal design originates with the police, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to generate a prosecution." *Id.* ¶ 11 (alteration, internal quotation marks, and citation omitted). "[T]he focus is on the defendant's intent or predisposition to commit the crime, with the prosecution bearing the burden of proving to the fact-finder that the defendant was predisposed to commit the crime." *Id.* "Where the prosecution proves that the defendant was predisposed to commit the crime and the police merely provided an opportunity for him to do so, the subjective entrapment defense must fail." *Id.*

**{13}** To support his contention that he was subjectively entrapped, Defendant argues that (1) the State did not present any evidence that Defendant was predisposed to be sexually attracted to children; (2) he was misled by photographs of a woman over the age of eighteen and a profile indicating the decoy was twenty to twenty-five years old; (3) he did not engage in sexual discussion until the decoy sent a photo; and (4) the decoy initiated the conversation by calling Defendant "cute." However, Defendant ignores our standard of review. The question is not whether there was sufficient evidence to support his defense of entrapment, but rather whether there was sufficient evidence to support the jury's determination that Defendant was not entrapped. *See id.* ¶ 26 (holding that there was sufficient evidence of the defendant's predisposition to commit child solicitation by electronic device to support the jury's rejection of an entrapment defense). The jury's finding in this case that Defendant was predisposed to commit child exploitation and solicitation was supported by substantial evidence.

**{14}** Defendant's arguments resemble the arguments made by the defendants in *Schaublin.*

> In *Schaublin,* the defendant argued that, because [the decoy]'s ad was in the adults-only section of Craigslist, the officer used an age-regressed photograph of an adult woman to accompany the [decoy] persona, and [the decoy] "inserted sexuality into their communications," he was subjectively entrapped as a matter of law. We held that because [the decoy] "informed the defendant immediately, in her response to his initial response to her ad, that she was fifteen years old," and because the record reflected that the defendant, not [the decoy], first broached the topic of sexuality, "the jury could reasonably have concluded that the defendant engaged with [the decoy] willingly and without having been persuaded to do so."

2015-NMCA-024, ¶¶ 13-14 (alterations, omission, internal quotation marks, and citation omitted). Thus, to the extent Defendant attempts to make an argument regarding objective entrapment, we decline to review it. *See Fuentes*, 2010-NMCA-027, ¶ 29 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what a part[y's] arguments might be").

*State v. Mendoza*, 2016-NMCA-002, ¶ 10, 363 P.3d 1231 (alterations omitted) (quoting *Schaublin*, 2015-NMCA-024, ¶¶ 20-21).

**{15}** Defendant attempts to distinguish this case from *Schaublin* on the grounds that law enforcement unfairly induced Defendant's conduct by using language that would appeal to Defendant specifically, using a profile claiming that the decoy was twenty to twenty-five years old and by using photos of an adult woman. However, we see no distinction between this case and *Schaublin*.

**{16}** In *Schaublin*, "the police presented an opportunity, via [the decoy]'s Craigslist posting and her immediate representation of herself as a fifteen-year-old child, for [the d]efendant to commit a crime." 2015-NMCA-024, ¶ 24. "[The d]efendant availed himself of the opportunity presented by the police when he continued to communicate with [the decoy] even after having learned her age and when he introduced sexuality into the communications." *Id.* "The police only continued the ruse of presenting [the decoy] as a fifteen[-]year[-]old that was seeking a relationship." *Id.* Thus, this Court held that there was no improper overreach or inducement in order to persuade the defendant to engage in this conduct. Similarly, in this case, law enforcement presented an opportunity, via the decoy's Whisper post and her immediate representation of herself as a fifteen-year-old child, for Defendant to commit a crime. Defendant availed himself of the opportunity presented by law enforcement when he continued to communicate with the decoy, even after he learned she was fifteen, and introduced sexuality into their conversation by asking for a photo of her breasts and asking when she last masturbated. Throughout the conversation, law enforcement simply presented the decoy as a fifteen-year-old seeking a relationship. Thus, as in *Schaublin*, we conclude that the record does not reflect that law enforcement used any improper overreaching or inducement.

**{17}** Moreover, although Defendant argues that he believed that the decoy was an adult because law enforcement used a profile that indicated the decoy was twenty to twenty-five years old and used photos of an adult to portray the decoy, the jury was not persuaded by this representation, and we will not second guess its determination. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (stating that we will not substitute our judgment for that of the jury). Additionally, viewing the evidence in the light most favorable to the jury's verdict, the record reflects that Defendant told the decoy that he didn't mind that she was only fifteen years old, nor that her friend was also only fifteen years old. Defendant also admitted to law enforcement that he believed the decoy was a child. Thus, it was reasonable for the jury to conclude that Defendant believed that the decoy was a fifteen-year-old child, thereby rejecting his claim to the contrary. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**{18}** Based on the foregoing, we conclude that Defendant's willingness to engage in explicit conversations with the decoy was not the result of unfair inducement, and there

was sufficient evidence of his predisposition to commit child exploitation and solicitation to support the jury's rejection of his subjective entrapment defense.

## IV.     Sufficiency of the Evidence

**{19}**     We briefly address Defendant's contention that there was insufficient evidence to support his convictions. Defendant argues that the evidence introduced at trial did not suffice to support the mens rea element of the offenses because the State failed to prove that he had "reason to believe" he was communicating with a child.[4] Defendant does not dispute the other elements of his convictions, so we do not address them.

**{20}**     "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *Montoya*, 2015-NMSC-010, ¶ 52 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Rojo*, 1999-NMSC-001, ¶ 19. We review whether substantial evidence exists by viewing "the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of th[at] verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{21}**     Accordingly, we first look to the jury instructions for both counts. To find Defendant guilty of attempted child exploitation, the jury was instructed in relevant part that it had to find that Defendant "intended to commit the crime of sexual exploitation of children," in violation of Section 30-28-1, and that in doing so, "caused or permitted a child under the age of eighteen years to engage in any prohibited sexual act or simulation of such an act," in violation of Section 30-6A-3(D). To find Defendant guilty of child solicitation by electronic device in violation of Section 30-37-3.2(C), the jury had to find that he "knowingly and intentionally solicited a child to engage in sexual intercourse, sexual conduct[,] . . . a sexual or obscene performance, or . . . in any other sexual conduct." Here, the evidence presented supports a conclusion that Defendant acted knowingly. *See* NMSA 1978, § 30-37-1(G) (1973) (stating that a defendant acts

---

[4]We note that, throughout his briefing, Defendant asserts that the State failed to prove all of the elements of sexual exploitation of children by manufacture and relies on case law related to manufacture and other offenses unrelated to those he was charged and convicted with as support for his assertion. *See State v. Rael*, 2021-NMCA-040, ¶ 1, 495 P.3d 598 (discussing convictions for child exploitation by possession, distribution, and manufacture), *reversed*, 2024-NMSC-010, 548 P.3d 66; *State v. Adamo*, 2018-NMCA-013, ¶ 2, 409 P.3d 1002 (discussing conviction for child exploitation by possession). However, this argument is unclear, and the authorities cited are irrelevant as Defendant was not charged with, nor convicted of, sexual exploitation of children by manufacture. Nevertheless, we review the evidence, but we do so without the benefit of a clear argument and citations to relevant authority. *See Fuentes*, 2010-NMCA-027, ¶ 29; *Nozie*, 2009-NMSC-018, ¶ 15.

"knowingly" if they "hav[e] general knowledge of, or reason to know, or a belief or reasonable ground for belief which warrants further inspection or inquiry or both, of . . . the age of the minor.").

**{22}** At trial, the jury was presented with screenshots of messages between Defendant and the law enforcement agent posing as the decoy on Whisper. The screenshots show that the decoy purported to be fifteen years old and that, despite this statement, Defendant asked for a photo of "her." The decoy did not send a picture at this time; instead, she noted that Defendant had not acknowledged whether he was okay with the fact that she was only fifteen years old and asked him to send a picture. Defendant responded, "I dont mind" and sent his official police officer headshot. Then they both exchanged pictures holding up a certain number of fingers as proof they were messaging with the individuals they purported to be. Defendant stated he was working and sent a picture of himself from his patrol unit. Later in the conversation he stated that, if he were a "perv,"[5] he would ask for a photo of the decoy's breasts. Defendant then asked her questions that were sexual in nature and stated what he would like to do to her sexually. Subsequently, Defendant requested a photo of the decoy's breast and buttocks. Defendant then indicated that he would like to engage in sexual intercourse with both the decoy and her friend. He then asked the decoy to engage her friend sexually online or in person so he could watch. Defendant stated that he did not care that the friend was also only fifteen years old "if she is cute." When the decoy refused to do anything online, Defendant said "Boring" and then ended the chat. The jury was also presented with the recording of an interview conducted by a New Mexico State Police officer with Defendant. In the interview, Defendant characterized his conversation with the decoy as "inappropriate" at times. Defendant also acknowledged that he believed the person he was engaging on the Whisper app to be a "female that was fifteen."

**{23}** We conclude that there was substantial evidence presented at trial to support the jury's determination that, when Defendant asked the decoy for photos of her breasts and to engage in sexual activity online, he knew he was engaging with a fifteen-year-old child. Hence, the evidence is sufficient to support the jury's finding that Defendant had the requisite mens rea to believe he was communicating with a child, and therefore knowingly and intentionally solicited a child under sixteen, contrary to Section 30-37-3.2(C) and attempted to cause a child under the age of eighteen years to engage in a prohibited sexual act, contrary to Section 30-6A-3(D). Thus, we affirm Defendant's conviction.

## V.      Sex Offender Registration

**{24}** Finally, Defendant contests the requirement that he register as a sex offender for life pursuant to the Sex Offender Registration and Notification Act (SORNA). Defendant seemingly argues that "the registration levels make no sense" because, while a

---

[5]"Perv" is shorthand for pervert. *Perv, Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/perv (last visited Apr. 17, 2025) (indicating that "perv" is slang for pervert). *Black's Law Dictionary* defines a "pervert" as "[a] person whose behavior, esp[ecially] sexual behavior, is considered abnormal and unacceptable." *Pervert, Black's Law Dictionary* (12th ed. 2024).

conviction for child solicitation by electronic communication device requires a person to register for ten years, a conviction for *attempting* to commit an enumerated sex offense requires a person to register for life. Defendant makes the conclusory assertion that "making an attempt the same as the actual commission denies due process and also makes no sense."

**{25}** To the extent that Defendant attempts to make a challenge to the statute's constitutionality, we decline to review it. "For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant." *State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885. Here, Defendant vaguely asserts that his liberty interests are affected by the SORNA registration requirement, but acknowledges that New Mexico courts have held that SORNA's registration requirements do not violate principles of due process and equal protection. *See State v. Druktenis*, 2004-NMCA-032, ¶ 2, 135 N.M. 223, 86 P.3d 1050. Defendant has presented no argument in support of this Court reversing its decision in *Druktenis*, and we decline to depart from that decision here. Thus, we affirm.

**CONCLUSION**

**{26}** For the foregoing reasons, we affirm Defendant's convictions for child solicitation by electronic communication device and attempting to cause or permit a child to engage in sexual exploitation by recording.

**{27} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**