This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                            **No. 35,163**

**MICHAEL MANCHA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Laurie Blevins, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant Michael Mancha was convicted of driving while under the influence of intoxicating liquor (0.08 or above) (DWI) in violation of NMSA 1978, Section 66-8-102(C) (2010, amended 2016). On appeal, Defendant argues that the trial court erred in admitting his breath alcohol test results because (1) the State failed to comply with certain "accuracy-ensuring" record-keeping regulations promulgated by the Department of Health, Scientific Laboratory Division (SLD); and (2) once Defendant made a prima facie showing of noncompliance with the SLD regulations, the burden shifted to the State to prove that the particular regulations were not accuracy ensuring, and the State failed to meet that burden. Because neither of these arguments was preserved, we affirm Defendant's conviction.

**DISCUSSION**

{2}     "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted). On appeal, the reviewing court will not consider issues not raised in the trial court unless the issues involve matters of jurisdiction, general public interest, plain error, fundamental error, or the fundamental rights of a party. Rule 12-

321(B); *see State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{3}** Defendant argues on appeal that his breath alcohol test results should not have been admitted because Deputy Fabian Fernandez, the key operator of the IR 8000 used to test Defendant's breath, failed to comply with 7.33.2.14(C)(5) NMAC and other related regulations that require a log book be kept that includes, in relevant part, information about calibration checks performed on the machine. At trial, Deputy Fernandez testified that he calibrated the machine, but that "[f]or some odd reason" he failed to transfer the results from the calibration receipts into his log book. Deputy Fernandez also admitted that omitting the results from the calibration checks from the log book was contrary to SLD's requirements.

**{4}** In his brief in chief, Defendant states that at trial "[t]he defense objected that the officer had testified that he had failed to comply with [SLD] regulations, and that compliance with regulation was a prerequisite to admission." He also states that "[t]he issue was raised again in a motion for a new trial[.]" In support of his statements, Defendant points to portions of the trial transcript and portions of his motion for a new trial. The section of the trial transcript cited by Defendant states:

3

Before we go any further into discussions about the results of any blanks, can I make an objection to the admission of any of Deputy—or Deputy [Fernandez's] testimony going forward, Judge.

. . . Deputy [Fernandez] just indicated that he's required to enter these results into a log[]book, and he also indicated that he made a mistake and failed to do so.

There's case law that indicates that all SLD regs need to be complied with before the admission of any of these results, and our argument and our contention is that these results are invalidated because Deputy . . . Fernandez just admitted on the stand that he did not comply with the SLD reg. He gave testimony that he's required to do so and he made a mistake and didn't do so.

And our contention is that that invalidates his entire testimony going forward and any results of blanks or calibration that he did.

The section of his motion for a new trial highlighted by Defendant simply states the circumstances around his objection at trial and represents that he "argued against the admission of the breath results due to lack of foundation."

{5}    The portions of the record cited by Defendant show an argument that full compliance with SLD regulations was required and that any failure to comply meant that the breath test results should not have been admitted due to a lack of foundation. That argument is different from the arguments Defendant is making on appeal.

{6}    On appeal, Defendant argues that record-keeping regulations are accuracy-ensuring per *State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. *Martinez* held that to meet foundational requirements, the prosecution does not need

4

to show compliance with all regulations except those that are accuracy-ensuring. *Id.* ¶ 11. Defendant also argues that it was the State's burden to prove that the at-issue regulations were not accuracy ensuring. Defendant has not cited to any portion of the record that reflects that the district court was apprised of the argument that SLD's log book record-keeping regulations are in any manner accuracy-ensuring or that burden shifting is or would be appropriate in this case. Because the district court was not "specifically apprise[d] . . . of the nature of the claimed error[s,]" the issues were not preserved, and we will not review them. *Montoya*, 2015-NMSC-010, ¶ 45. Moreover, to the extent the arguments on appeal may be found elsewhere in the record, we "will not search the record to find whether an issue was preserved where [the d]efendant does not refer this Court to appropriate transcript references." *State v. Clements*, 2009-NMCA-085, ¶ 19, 146 N.M. 745, 215 P.3d 54.

**CONCLUSION**

{7}     Because the issues on appeal were not preserved, we decline to review them. Therefore, we affirm Defendant's conviction.

{8}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

5

**J. MILES HANISEE, Judge**

_____

**STEPHEN G. FRENCH, Judge**