This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41038**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LINDA S. HANEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Benjamin S. Cross, District Court Judge**

Raúl Torrez, Attorney General
Peter James O'Connor, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Chief Judge.**

**{1}** Defendant, Linda Haney, appeals the district court's imposition of a four year habitual offender enhancement to her sentence, following her conviction for possession of methamphetamine, pursuant to NMSA 1978, Section 30-31-23(A) (2019, amended 2021), a fourth degree felony. Defendant claims that (1) the enhancement of her sentence with prior convictions for nonviolent felony drug offenses amounts to cruel and unusual punishment in violation of the Eighth Amendment of the United States

Constitution; and (2) the district court's enhancement of her sentence was an abuse of discretion. We affirm.

**BACKGROUND**

**{2}** While being booked into a detention center on a warrant, a small, clear bag containing approximately one gram of methamphetamine was discovered on Defendant's person. A jury convicted Defendant of possession of a controlled substance (methamphetamine). The State filed a supplemental criminal information pursuant to the habitual offender statute alleging that Defendant had been previously convicted of three prior felony offenses.

**{3}** Defendant later admitted to having one prior felony conviction in the State of New Mexico and, after an evidentiary hearing, the district court found that Defendant also had a prior felony conviction in the State of Texas. Having made that finding, the district court, during sentencing, stated that it understood the four year habitual sentence enhancement was mandatory under the statute and wanted to discuss the eighteen-month sentence for the underlying offense.

**{4}** The State referred the district court to its previously filed sentencing memorandum and requested the court sentence Defendant to serve the eighteen months in the department of corrections. Defense counsel replied, "We're here for such a small amount of methamphetamines that was found on her person . . . that to sentence her to additional time past four years is a violation of the Eighth Amendment, I believe. I don't think that that's fair to her or to any of us to continue to keep [Defendant] in custody for such a small amount of drugs. Just the cost of incarcerating an individual for an extra year and a half. I've seen estimates between thirty thousand and eighty thousand a year per inmate and I don't think that that's appropriate." Defense counsel asked the district court to unconditionally suspend the last year and a half of Defendant's sentence. Defense counsel went on to opine, "That [i]s more than we should ever send anyone to prison for having a small amount of drugs and a drug problem" then acknowledged, "We have these very strict laws about prior habitual felonies. She has to go to prison now for a small amount of methamphetamines." Defense counsel did not argue or request that the district court make a finding that the mandatory four year habitual enhancement of Defendant's sentence would amount to cruel and unusual punishment under the state or federal constitutions. Rather, defense counsel clarified, "We are asking the court not to send her for the additional year and a half. I don't think it's going to help anybody to send her for an additional year and a half."

**{5}** The district court agreed with defense counsel that a four year sentence was long given the nature of the conviction, and then stated that it was mandatory and there was nothing the court could do about that. Given Defendant's struggles with complying with probation in the past, the district court expressed its belief that Defendant was not a good candidate for probation. The district court imposed a suspended eighteen-month

sentence for Defendant's underlying conviction and enhanced that sentence by four years, pursuant to NMSA 1978, Section 31-18-17(B) (2003).

**DISCUSSION**

**{6}**     On appeal, Defendant challenges the constitutionality of the four year enhancement of her sentence as being cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article II, Section 13 of the New Mexico Constitution.[1] In particular, Defendant contends that the enhancement of her sentence effectively punishes her for her status as a person addicted to drugs similar to what was held unconstitutional in *Robinson v. California*, 370 U.S. 660 (1962). Defendant also argues that the district court abused its discretion when it stated that it had no authority to disregard the mandatory minimum sentence set forth in the habitual offender enhancement statute. For the reasons discussed below, we affirm.

**I.     Preservation of the Cruel and Unusual Punishment Argument**

**{7}**     We turn first to Defendant's contention that the enhancement of her sentence under the habitual offender enhancement statute amounted to cruel and unusual punishment. In asserting this argument, Defendant does not contend, nor do we conclude, that based on her two prior felony convictions the enhancement of her sentence by four years was unauthorized by law. *See* § 31-18-17(B) (providing in part that a sentence shall be enhanced by a period of four years that shall not be suspended or deferred when a person convicted of a noncapital felony in this state has incurred two prior felony convictions that were part of separate transactions).

**{8}**     Because Defendant's constitutional argument on appeal is not grounded in a claim that her sentence was unauthorized by statute, her argument is nonjurisdictional and must be properly preserved for appeal. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896 (affirming "that a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal"). With regard to the issue of preservation, we first observe that Defendant failed to follow our briefing standards required by our briefing rules. *See* Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, [and] transcript[s].").

**{9}**     Next, our review of the record reveals that Defendant did not preserve an argument that the enhancement of Defendant's sentence by four years amounted to cruel and unusual punishment. *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that *specifically* apprises the trial court of the nature of the claimed error and

---

[1]Although Defendant at times refers to the state constitution, Defendant does not argue that the state constitution provides greater protection than the federal constitution. We therefore apply the federal constitutional standard.

invokes an intelligent ruling thereon." (emphasis added) (internal quotation marks and citation omitted)); *see also State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)). "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321 NMRA.

**{10}** Instead, Defendant stated to the district court that the four year enhancement of Defendant's sentence was mandatory and only argued that to sentence Defendant to any time *beyond* the four year enhancement would be a violation of the Eighth Amendment. Critically, Defendant did not specifically argue to the district court that the imposition of the four year enhancement under the facts of this case would amount to cruel and unusual punishment and as a result did not invoke a ruling on this claim. Because Defendant did not preserve the issue and has not asked us to apply any of the exceptions to the preservation rule, *see* Rule 12-321(B), we decline to review this unpreserved issue on appeal.

## II. The District Court's Representation of Its Authority to Suspend the Habitual Offender Enhancement

**{11}** Defendant also contends that the district court abused its discretion by enhancing Defendant's sentence, because it "failed to recognize that it had the authority to mitigate Defendant's sentence under the Eighth Amendment." Defendant relies, in part, on *State v. Arrington*, 1993-NMCA-055, 115 N.M. 559, 855 P.2d 133, to argue that the district court abused its discretion "by stating it had no authority to disregard the mandatory minimum sentence set forth in the habitual enhancement statute." The State argues the facts in the present case are distinguishable from those in *Arrington*, such that the district court's enhancement of Defendant's sentence under the habitual offender statute was not an abuse of discretion. For the reasons explained below, we hold that Defendant's failure to request that the district court exercise its discretion to consider whether the imposition of the mandatory enhancement would amount to cruel and unusual punishment renders this issue unpreserved for review. To inform our analysis, we briefly review the facts in *Arrington*.

**{12}** In *Arrington*, despite our acknowledgement that the prerogative to dictate criminal penalties lies with the Legislature, this Court recognized that a mandatory sentence is still subject to constitutional scrutiny. *Id.* ¶ 9. There, this Court considered "whether the [district] court, in sentencing a habitual offender, may determine that a mandatory prison term is constitutionally impermissible under the Eighth Amendment of the United States Constitution, and Article II, Section 13 of the New Mexico Constitution." *Id.* ¶ 1. In *Arrington*, the defendant pleaded guilty to unlawful distribution of marijuana, a controlled substance, and was sentenced to eighteen months of imprisonment, which was suspended for time served. *Id.* ¶ 2. The state filed a supplemental information, contending that the defendant was a habitual offender. *Id.*

**{13}** At the habitual sentencing hearing, the defendant testified that she had severe bronchial asthma and that while she was first in the county jail on the distribution charge

"the jail physician lowered the dosage on one of her medications and eliminated another medication." The defendant testified to numerous other details about her healthcare while serving time including the lack of twenty-four-hour nursing support leading to her not obtaining her inhaler when she needed it. *Id.* ¶ 3. The defendant's probation officer, a licensed practical nurse, testified that he had visited the defendant a few times while she was in jail and noticed a deterioration of her asthma condition after the defendant's medication dosages were lowered by the jail physician. *Id.* ¶ 4. He also testified that incarceration at the county jail could jeopardize the defendant's life and "recommended that [the d]efendant be sentenced to the custody of her family." *Id.*¶ 5. The district court "determined that [the d]efendant's medical needs could not be met in prison, that any prison sentence would be life threatening to her, and that a one-year prison sentence would be cruel and unusual punishment in violation of [the d]efendant's constitutional rights." *Id.* ¶ 6.

**{14}** Upon review, this Court reasoned that "in exceedingly rare cases, a term of incarceration may be found to be inherently cruel" by the district court based on a showing of "'deliberate indifference' to [the defendant's] serious medical needs." *Id.* ¶ 10. Accordingly, this Court held that the district court did not err in finding the "sentence of incarceration would constitute a deliberate indifference to [the defendant]'s serious medical needs" where the defendant provided the evidence was "uncontroverted that incarceration would be life-threatening to [the defendant] and that adequate medical care would not be available to her in a correctional facility." *Id.* ¶ 11.

**{15}** In the case at bar, Defendant stated during her sentencing hearing, "I don't feel like being in prison is going to help me at all. From what I hear the drugs in there are just as bad as they are out in the streets." The district court responded, in part, "I think four years is an awful long prison sentence for this charge. I agree with [defense counsel] in that regard. You know that's mandatory and there's nothing I can do about that . . . the reality is that time in prison can serve as your best time for rehabilitation . . . I just encourage you to do all that you can do in the next period of time that you're at the department of corrections to try to get a handle on this addiction that has clearly plagued your life for many years now."

**{16}** At no time did defense counsel bring *Arrington* to the district court's attention. Given defense counsel's statement that the habitual offender enhancement was mandatory and absence of a request that the district court find that imposition of the mandatory enhancement would be inherently cruel, the issue was not preserved. Because Defendant did not preserve the issue and has not asked us to apply any of the exceptions to the preservation rule, *see* Rule 12-321(B), we decline to review this unpreserved issue on appeal.

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm.

**{18}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**